[No. B238016. Second Dist., Div. Five. Sept. 14, 2012.]

THE PEOPLE, Plaintiff and Respondent, v.
GREGORY ROBINSON, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

*Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of Background, part A., and Discussion, parts A., B., and D.

COUNSEL

Jonathan B. Steiner and Cheryl Lutz, under appointments by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, and Herbert S. Tetef, Deputy Attorney General, for Plaintiff and Respondent.

OPINION

MOSK, J.—

## INTRODUCTION

Defendant and appellant Gregory Robinson (defendant) was convicted of petty theft (Pen. Code, § 487).[1] On appeal, appointed counsel for defendant filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 [158 Cal.Rptr. 839, 600 P.2d 1071] requesting this court to conduct an independent review of the record to determine if there are any arguable issues. On May 11, 2012, we gave notice to defendant that his counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. Defendant submitted a letter brief in which he contends that defense counsel provided ineffective assistance of counsel and the trial court erred in denying his request to represent himself.

After independently reviewing the record, we asked the parties to submit letter briefs addressing whether the trial court should have imposed a section 1465.8, subdivision (a)(1) court operations assessment and a Government Code section 70373, subdivision (a)(1) court facilities assessment. We hold that the assessments should be imposed and order the clerk of the superior court to issue an amended abstract of judgment accordingly. We

[1] All statutory citations are to the Penal Code unless otherwise noted.

also hold that section 2900.5, subdivision (a) providing that the time that a defendant has served in custody may be credited against fines does not apply to assessments. We otherwise affirm the judgment.

## BACKGROUND

A. *Factual Background*[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

B. *Procedural Background*

The District Attorney of Los Angeles County filed an amended information charging defendant with one count of grand theft in violation of section 487. The district attorney further alleged that defendant had suffered prior felony convictions within the meaning of section 1203, subdivision (e)(4), defendant had served two prior prison terms pursuant to section 667.5, subdivision (b), and defendant had suffered a prior conviction of a serious or violent felony pursuant to sections 1170.12, subdivisions (a) through (d), 667, subdivisions (b) through (i), 1192.7, and 667.5, subdivision (c).

On August 15, 2011, the trial court denied defendant's initial motion to replace counsel pursuant to *People v. Marsden* (1970) 2 Cal.3d 118 [84 Cal.Rptr. 156, 465 P.2d 44] (*Marsden* motion)[2] and his motion to reduce the offense to a misdemeanor pursuant to section 17, subdivision (b). On September 1, 2011, the trial court denied defendant's second *Marsden* motion, and on November 14, 2011, the trial court denied defendant's third *Marsden* motion and his motion made pursuant to *Faretta v. California* (1975) 422 U.S. 806 [45 L.Ed.2d 562, 95 S.Ct. 2525] to represent himself.

Following trial, the jury found defendant not guilty of grand theft, but guilty of the lesser included offense of petty theft. The trial court sentenced defendant to county jail for a term of 180 days, and awarded defendant 253 days of custody credit consisting of 169 days of actual custody credit and 84 days of conduct credit. The trial court stated, "The defendant has served more time than the maximum time the court could impose on the misdemeanor. The defendant is given credit for the time served and no fees or fines are imposed."

---

[*] See footnote, *ante*, page 401.

[2] On August 15, 2011, defendant intended to make, but then abandoned, a motion to represent himself.

## DISCUSSION

A., B.*

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

C. *Sentencing Issues*

Section 1465.8, subdivision (a)(1) provides in part, "To assist in funding court operations, an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense . . . ." The trial court should have imposed that assessment. (*People v. Crabtree* (2009) 169 Cal.App.4th 1293, 1327–1328 [88 Cal.Rptr.3d 41].) Government Code section 70373, subdivision (a)(1) provides, "To ensure and maintain adequate funding for court facilities, an assessment shall be imposed on every conviction for a criminal offense . . . . The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony . . . ." (See *People v. Woods* (2010) 191 Cal.App.4th 269, 274 [119 Cal.Rptr.3d 328] [in dictum that court facilities assessment must be imposed on each count]; *People v. Brooks* (2009) 175 Cal.App.4th Supp. 1, 5–7 [99 Cal.Rptr.3d 221] [same]; cf. § 1465.8, subd. (a)(1).) The trial court also should have imposed that assessment.

Defendant contends that the court operations assessment pursuant to section 1465.8, subdivision (a)(1) and the court facilities assessment pursuant to Government Code section 70373, subdivision (a)(1) are not punitive (*People v. Wallace* (2004) 120 Cal.App.4th 867, 876 [16 Cal.Rptr.3d 152] ["the Legislature imposed the [section 1465.8] fee for a nonpunitive purpose"]; *People v. Brooks, supra*, 175 Cal.App.4th at pp. Supp. 6–7 [a "section 70373(a)(1) assessment [is] nonpunitive . . ."]) and therefore they are not part of his sentence that may be corrected on appeal. Section 1465.8, subdivision (a)(1), and the court facilities assessment pursuant to Government Code section 70373, subdivision (a)(1), however, provide that the assessments "shall be imposed." As such, the assessments are a required part of defendant's sentence and may be corrected on appeal. (See *People v. Crabtree, supra*, 169 Cal.App.4th at pp. 1327–1328; *People v. Woods, supra*, 191 Cal.App.4th at p. 274; *People v. Brooks, supra*, 175 Cal.App.4th at pp. Supp. 5–7.)

Defendant also contends that a court operations assessment pursuant to section 1465.8, subdivision (a)(1) and a court facilities assessment pursuant to Government Code section 70373, subdivision (a)(1) "should simply be written off" because of credits. Defendant argues that his 253 days of

*See footnote, *ante*, page 401.

presentence custody credit, which includes 84 days of conduct credit, exceeds his 180-day imprisonment term and therefore pursuant to section 2900.5, the additional days he served in custody should be credited against the assessments at the rate of $30 per day. Defendant concedes, however, that "[n]o case . . . has concluded that a defendant's presentence custody can be used to write off assessments such as those in this case."

Section 2900.5, subdivision (a) provides in pertinent part that "[i]n all felony and misdemeanor convictions . . . all days of custody of the defendant, including days . . . credited to the period of confinement pursuant to Section 4019, . . . shall be credited upon his or her term of imprisonment, or credited to any fine on a proportional basis, including, but not limited to, base fines and restitution fines, which may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the sentence. . . . [W]here the court has imposed both a prison or jail term of imprisonment and a fine, any days to be credited to the defendant shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine on a proportional basis, including, but not limited to, base fines and restitution fines."

As noted above, section 2900.5, subdivision (a) provides that all days of custody of the defendant shall "first be applied to the term of imprisonment" and then to "any fine . . . including, but not limited to, base fines and restitution fines . . . ." "A fine is punitive." (*Charles S. v. Superior Court* (1982) 32 Cal.3d 741, 748 [187 Cal.Rptr. 144, 653 P.2d 648].) The term "fine" in section 2900.5, subdivision (a) includes "state and county *penalty* assessments." (*People v. McGarry* (2002) 96 Cal.App.4th 644, 647–648 [117 Cal.Rptr.2d 475], italics added.) "The root word [of penalty], 'penal,' means 'of or relating to punishment or retribution.' [Citation.] The American Heritage Dictionary defines 'penalty' as '[a] punishment established by law or authority for a crime or offense.' [Citation.]" (*People v. High* (2004) 119 Cal.App.4th 1192, 1199 [15 Cal.Rptr.3d 148].)

Section 2900.5, subdivision (a) also is applicable to "restitution fines," as restitution fines are penalties. (*People v. Hanson* (2000) 23 Cal.4th 355, 361–362 [97 Cal.Rptr.2d 58, 1 P.3d 650].) "[R]estitution fines are distinct from restitution orders . . . ." (*Id.* at p. 362.) "[D]irect restitution to redress economic losses is not a criminal punishment . . . ."[4] (*People v. Brunette* (2011) 194 Cal.App.4th 268, 284 [124 Cal.Rptr.3d 521].)

"[T]he 'fine . . . including, but not limited to, base fines and restitution fines' referred to in section 2900.5(a) . . . encompasses state and

[4] As defendant's appellate counsel states, "Certainly no one would argue that a defendant's excess time in custody should relieve him of the obligation to pay victim restitution."

county *penalty* assessments." (*People v. McGarry, supra,* 96 Cal.App.4th at p. 648, italics added.) As defendant asserts, the court operations assessment pursuant to section 1465.8, subdivision (a)(1) and the court facilities assessment pursuant to Government Code section 70373, subdivision (a)(1) are not considered punitive. (*People v. Wallace, supra,* 120 Cal.App.4th at p. 876; *People v. Brooks, supra,* 175 Cal.App.4th at pp. Supp. 6–7.) Thus, under section 2900.5, subdivision (a) if a defendant is "overpenalized" by serving presentence days in custody in excess of his imposed imprisonment term, those excess days are to be applied to the defendant's court-ordered payment of monies that serve as punishment, as opposed to court-ordered payment of monies for nonpunitive purposes. Accordingly, section 2900.5 is not applicable here. It may be that custody credits should apply to assessments as well as to fines, but the Legislature has not so provided.

D. *Review**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

## DISPOSITION

The matter is remanded to the trial court to issue an amended abstract of judgment imposing a $40 section 1465.8, subdivision (a)(1) court operations assessment and a $30 Government Code section 70373, subdivision (a)(1) court facilities assessment. The judgment is otherwise affirmed.

Armstrong, Acting P. J., and Kriegler, J., concurred.

On September 24, 2012, the opinion was modified to read as printed above. Appellant's petition for review by the Supreme Court was denied January 16, 2013, S206438. Werdegar, J., was of the opinion that the petition should be granted.

---

*See footnote, *ante*, page 401.