Filed 5/21/13  P. v. Negrette CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, <br><br> Plaintiff and Respondent, <br><br> v. <br><br> JOSE GUILLERMO NEGRETE, <br><br> Defendant and Appellant. | H037760 <br> (Monterey County <br> Super. Ct. Nos. SS090134A, <br> SS110536A) |

## I.  INTRODUCTION

Defendant Jose Guillermo Negrete appeals after pleading no contest to receipt of stolen property (Pen. Code, § 496, subd. (a))[1] in case No. SS090134A, to unlawful sexual intercourse with a minor (§ 261.5, subd. (c)) in case No. SS110536A, and to misdemeanor violations of sections 415, subdivision (1) and 148, subdivision (a)(1) in a third case.  Defendant was sentenced in the two felony cases to two years eight months in jail pursuant to section 1170, subdivision (h).

On appeal, defendant contends that he is entitled to additional presentence conduct credit in the receipt of stolen property case (No. SS090134A) pursuant to the January 2010 version of section 4019.  Defendant further contends that he is entitled to

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

monetary credit under section 2900.5, subdivision (a) toward fines and fees in that case and in the unlawful sexual intercourse case (No. SS110536A) for any excess time that he spent in custody.

For reasons that we will explain, we will modify the judgment in the receipt of stolen property case (No. SS090134A) by awarding defendant a total of 226 days conduct credit and affirm the judgment as so modified. In the unlawful sexual intercourse case (No. SS110536A), we will affirm the judgment.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. *Receipt of Stolen Property Case (No. SS090134A)*

In mid-2009, in case No. SS090134A, defendant was charged by complaint with vehicle theft (Veh. Code, § 10851, subd. (a); count 1) and misdemeanor driving without a license (Veh. Code, § 12500, subd. (a); count 2). The complaint was subsequently amended to add count 3, receipt of stolen property (§ 496, subd. (a)). Defendant pleaded no contest to count 3. On October 1, 2009, the trial court suspended imposition of sentence and placed defendant on probation for three years with various terms and conditions, including that he serve 180 days in county jail. The court granted defendant 60 days of custody credits, consisting of 40 actual days plus 20 days conduct credit. Defendant was ordered to pay various fines and fees. The remaining counts were dismissed.

In April 2010, the probation department filed a petition alleging that defendant had violated his probation. Defendant admitted violating his probation. The trial court revoked and reinstated probation with modified terms and conditions.

In August 2010, the probation department filed a second petition alleging that defendant had violated his probation. Probation was summarily revoked and a bench warrant was issued after defendant failed to appear at a hearing on the petition. After defendant was in custody, he admitted violating his probation. The trial court reinstated probation with modified terms and conditions. Defendant was to serve 30 days in jail.

2

The court granted defendant 27 days of custody credits, consisting of 19 actual days plus 8 days conduct credit.

### B. *Misdemeanor Case (No. MK087513A)*

In January 2011, the probation department filed a third petition in the receipt of stolen property case alleging that defendant had violated probation by failing to obey all laws. The new offenses apparently took place in January 2011 and resulted in defendant being charged in a new case, No. MK087513A.[2] Defendant pleaded no contest in the new case to misdemeanor violations of sections 415, subdivision (1) and 148, subdivision (a)(1), and he admitted violating his probation in the receipt of stolen property case (No. SS090134A).

### C. *Unlawful Sexual Intercourse Case (No. SS110536A)*

Before defendant was sentenced in the receipt of stolen property and misdemeanor cases, in March 2011 the probation department filed a fourth petition in the receipt of stolen property case alleging that defendant had violated his probation by failing to obey all laws. Defendant was subsequently charged by complaint in a new case, No. SS110536A, with three counts of unlawful sexual intercourse with a minor (§ 261.5, subd. (c)). The complaint further alleged that as to count 2, defendant personally inflicted great bodily injury upon the victim (§§ 12022.7, subd. (a), 1192.7, subd. (c)(8), 667.5, subd. (c)(8)). Defendant pleaded no contest to count 1, which was based on an incident that took place on or about January 2010. Defendant also admitted violating his probation in the receipt of stolen property case (No. SS090134A).

A combined sentencing hearing was held in May 2011. In the most recent case, the unlawful sexual intercourse case (No. SS110536A), the trial court suspended imposition of sentence and placed defendant on probation for three years with various

---

[2] The factual and procedural background concerning case No. MK087513A is taken from the record in case Nos. SS090134A and SS110536A.

terms and conditions, including that he serve 132 days in county jail. The court granted defendant 132 days of custody credits, consisting of 66 actual days plus 66 days conduct credit. Defendant was ordered to pay various fines and fees. The remaining counts were dismissed. In the misdemeanor case (No. MK087513A), defendant was placed on probation with various terms and conditions, including that he serve two days with credit for two days. In the receipt of stolen property case (No. SS090134A), the court reinstated probation with modified terms and conditions, including that he serve 365 days in county jail. The court granted defendant 314 days of custody credits, consisting of 210 actual days plus 104 days conduct credit.

### D. *Most Recent Probation Violations and Sentencing*

In late 2011, the probation department filed petitions in the receipt of stolen property case (No. SS090134A) and the unlawful sexual intercourse case (No. SS110536A) alleging that defendant had violated his probation. Defendant admitted violating his probation in each case.

A combined sentencing hearing was held on November 29, 2011. Defendant was sentenced in the two felony cases to a total term of two years eight months in jail pursuant to section 1170, subdivision (h). The sentence was calculated as follows. In the receipt of stolen property case (No. SS090134A), the trial court sentenced defendant to the middle term of two years. The court granted defendant 434 days of custody credits, consisting of 290 actual days plus 144 days conduct credit. Defendant was ordered to pay a fine. In the unlawful sexual intercourse case (No. SS110536A), the court sentenced defendant to eight months (one-third the middle term) consecutive to the term in the receipt of stolen property case. No custody credits were awarded in the unlawful sexual intercourse case. Defendant was ordered to pay a fine. In the misdemeanor case (No. MK087513A), the court stated it would "terminate probation with . . . 81 days[] credit, 54 actual, 27 conduct credits."

4

On January 4, 2012, after filing a notice of appeal, defendant filed an amended notice of appeal in the receipt of stolen property case (No. SS090134A) and the unlawful sexual intercourse case (No. SS110536A).

**E.** *Motion for Additional Conduct Credit*

In March 2012, defendant filed a motion in the trial court seeking (1) correction of clerical error in the abstract of judgment regarding custody credits, and (2) additional conduct credit based on various versions of section 4019 and the state and federal equal protection clauses.

At a subsequent hearing, the district attorney conceded that there was clerical error in the abstract of judgment concerning custody credits. The abstract of judgment was thereafter amended to correct the clerical error.

The district attorney eventually filed written opposition to defendant's motion for additional conduct credit under section 4019 and equal protection principles. Following a hearing on the motion, the trial court took the matter under submission. The court denied defendant's motion by written order, concluding that defendant was not entitled to additional conduct credit in either the receipt of stolen property case (No. SS090134A) or the unlawful sexual intercourse case (No. SS110536A).

On September 24, 2012, defendant filed a notice of appeal regarding the trial court's order.

### III.   DISCUSSION

Defendant contends that the trial court should have calculated his conduct credit in the receipt of stolen property case (No. SS090134A) pursuant to the January 2010 version of section 4019 for his time in custody after January 25, 2010. Under this version of section 4019, defendant argues that he is entitled to a total of 226 days conduct credit, rather than the 144 days granted by the court. Defendant further contends that he is entitled to monetary credit under section 2900.5, subdivision (a) toward fines and fees in

5

that case and in the unlawful sexual intercourse case (No. SS110536A) for "any excess time" that he spent in custody.

The Attorney General contends that defendant has forfeited his claim "because he failed to move for correction of the record to modify credits in the trial court." To the extent the claim has been preserved, the Attorney General contends that defendant is not entitled to additional conduct credit or that he is entitled to an additional 10 days at most.

## A. Forfeiture

We determine that defendant has not forfeited his claim. Defendant raised the issue of additional conduct credit by motion in the trial court. Further, a "narrow exception" to the forfeiture rule exists for " ' "unauthorized sentences" or sentences entered in "excess of jurisdiction." ' [Citation.] Because these sentences 'could not lawfully be imposed under any circumstance in the particular case' [citation], they are reviewable 'regardless of whether an objection or argument was raised in the trial . . . court.' [Citation.]" (*People v. Smith* (2001) 24 Cal.4th 849, 852.) In this case, defendant essentially contends that the trial court applied the wrong law in calculating his conduct credit. Defendant may therefore raise the issue on appeal.

## B. Conduct Credit

In the receipt of stolen property case (No. SS090134A), defendant committed his offense in 2009, and he thereafter spent varying lengths of time in custody before the November 2011 sentencing hearing. In denying defendant's post-judgment motion for additional conduct credit under the January 2010 version of section 4019, the trial court stated that defendant's offense predated that amendment to section 4019 and therefore the conduct credit formula provided by that amendment did not apply.

The version of section 4019 in effect during 2009 authorized two days of conduct credit for every four days spent in local custody. (Former § 4019, subd. (f), as amended by Stats. 1982, ch. 1234, § 7; *People v. Brown* (2012) 54 Cal.4th 314, 318 & fn. 4 (*Brown*).) Section 4019 was subsequently amended, operative January 25, 2010, to

6

"increas[e] the rate at which prisoners in local custody could earn conduct credits for good behavior. Under the new formula, eligible prisoners could earn two days of conduct credit for every two days spent in local custody.[3]" (*Brown*, *supra*, at pp. 318-319; accord, Stats. 2009, 3d Ex. Sess., 2009-2010, ch. 28, § 50.) In *Brown*, the California Supreme Court held that the January 2010 version of section 4019 "applied prospectively, meaning that qualified prisoners in local custody first became eligible to earn credit for good behavior at the increased rate beginning on the statute's operative date." (*Brown*, *supra*, at p. 318.) The court further explained that "[t]o apply former section 4019 prospectively necessarily means that *prisoners whose custody overlapped the statute's operative date (Jan. 25, 2010) earned credit at two different rates*." (*Id.* at p. 322, italics added.)

At the November 2011 sentencing hearing in the receipt of stolen property case (No. SS090134A), the trial court granted defendant 434 days of custody credits, consisting of 290 actual days plus 144 days conduct credit. Regarding actual days, the probation report reflects that defendant was in actual custody for 126 days in 2009, and for 164 days between June 2010 and November 2011. For the 126 days in actual custody in 2009, defendant is entitled to 62 days conduct credit. (See *Brown*, *supra*, 54 Cal.4th at p. 318; *In re Marquez* (2003) 30 Cal.4th 14, 25-26.) For the 164 days in actual custody between June 2010 and November 2011, defendant is entitled to 164 days conduct credit. (See *Brown*, *supra*, at p. 318.) Thus, defendant is entitled to a total of 226 days conduct

---

[3] "The relevant language of former section 4019 provided: 'It is the intent of the Legislature that if all days are earned under this section, *a term of four days will be deemed to have been served for every two days spent in actual custody . . . .*' (Former § 4019, subd. (f), italics added.) [¶] Prisoners who were required to register as sex offenders, had been committed for serious felonies, or had prior convictions for serious or violent felonies were not eligible for credit at the increased rate. (Former § 4019, subds. (b)(2), (c)(2).) . . ."

credit in the receipt of stolen property case, for a total of 516 days of custody credits (290 days actual plus 226 days conduct credit).

We understand the Attorney General to contend that defendant "already received all the credits he is due" in the receipt of stolen property case (No. SS090134A) because some of those credits were for time periods that overlapped with his time in custody in the misdemeanor case and/or the unlawful sexual intercourse case. The authority cited by the Attorney General in support of this argument is the following language from section 2900.5, subdivision (b): "[C]redit shall be given only where the custody to be credited is attributable to proceedings related to the same conduct for which the defendant has been convicted. Credit shall be given only once for a single period of custody attributable to multiple offenses for which a consecutive sentence is imposed." The Attorney General fails to identify each of the particular time periods that should not have been credited toward the receipt of stolen property case (No. SS090134A) and fails to persuasively articulate why it was error for the trial court to give credit for each of those time periods.

The Attorney General next contends that, for the time defendant spent in actual custody between March 2011 and November 2011, the September 2010 version of section 4019 (see Stats. 2010, ch. 426, § 2; *Brown*, *supra*, 54 Cal.4th at p. 318, fn. 3) should be used to calculate defendant's conduct credit, rather than the January 2010 version. We disagree. The September 2010 version of section 4019 expressly applied only to defendants who committed their crime *on or after* the effective date of September 28, 2010. (Stats. 2010, ch. 426, §§ 2, 5; see *Brown*, *supra*, at p. 318, fn. 3.) Defendant committed his offense in the receipt of stolen property case (No. SS090134A) in 2009 and committed his offense in the unlawful sexual intercourse case (No. SS110536A) on or about January 2010.

### C. Monetary Credit

Defendant contends that, "[b]y the time this appeal will be decided, [he] will have served his sentence already," and therefore he is entitled to monetary credit of $30 per day for each day in custody in excess of his sentence pursuant to section 2900.5, subdivision (a). Defendant requests that this court remand the matter to the trial court "to reduce his fees and fines accordingly."

Section 2900.5, subdivision (a) provides: "In all felony and misdemeanor convictions, either by plea or by verdict, when the defendant has been in custody, including, but not limited to, any time spent in a jail, . . . *all days of custody of the defendant*, including days served as a condition of probation in compliance with a court order, credited to the period of confinement pursuant to Section 4019, and days served in home detention pursuant to Section 1203.018, *shall be credited upon his or her term of imprisonment, or credited to any fine on a proportional basis, including, but not limited to, base fines and restitution fines, which may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the sentence.* If the total number of days in custody exceeds the number of days of the term of imprisonment to be imposed, the entire term of imprisonment shall be deemed to have been served. *In any case where the court has imposed both a prison or jail term of imprisonment and a fine, any days to be credited to the defendant shall first be applied to the term of imprisonment imposed, and thereafter the remaining days, if any, shall be applied to the fine on a proportional basis, including, but not limited to, base fines and restitution fines.*" (Italics added.) Section 2900.5, subdivision (a) thus expressly requires a trial court to apply a defendant's days of custody credits to the term of imprisonment first, and then apply any remaining days to any fine imposed on the defendant. (See *People v. Robinson* (2012) 209 Cal.App.4th 401, 406 (*Robinson*).)

The monetary credit "must be applied 'on a proportional basis' [citation]. In other words, each dollar of monetary credit must be used proportionally to reduce the base fine,

9

penalty assessments and restitution fine rather than any one of these categories alone. Thus, if the monetary credit does not eliminate all amounts due, the defendant still owes the remaining amount in each category." (*People v. McGarry* (2002) 96 Cal.App.4th 644, 646, fn. omitted (*McGarry*).) In *McGarry*, the Court of Appeal explained the arithmetic necessary to calculate a proportionate reduction in the base fine, penalty assessments, and restitution fine that had been imposed on the defendant in the case before it. (*See id.* at pp. 648-650.)

The monetary credit provided by section 2900.5, subdivision (a) applies only to "court-ordered payment of monies that serve as punishment, as opposed to court-ordered payment of monies for nonpunitive purposes." (*Robinson*, *supra*, 209 Cal.App.4th at p. 407.) Thus, for example, monetary credit under section 2900.5, subdivision (a) may not be applied to the court security fee (now known as the court operations assessment; § 1465.8, subd. (a)(1)), or to the court facilities assessment (Gov. Code, § 70373, subd. (a)(1)). (See *Robinson*, *supra*, at pp. 403-404, 407.)

In the receipt of stolen property case (No. SS090134A), the trial court sentenced defendant to the middle term of two years. As we have explained, defendant is entitled to a total of 516 days of custody credits (290 days actual plus 226 days conduct credit) in that case. Based on the record on appeal, defendant's custody credits do not exceed his two-year jail term, and therefore he is not entitled to monetary credit under section 2900.5, subdivision (a). Defendant's contention that he will have already served his sentence by the time this appeal is decided is without factual support in the record before us.

Defendant also concludes, without any supporting argument, that he is entitled to monetary credit in the unlawful sexual intercourse case (No. SS110536A). As the trial court did not award *any* custody credits in that case, and defendant does not challenge that ruling on appeal, defendant fails to articulate a basis for awarding monetary credit in that case.

10

## IV.  DISPOSITION

In case No. SS090134A, the judgment is modified by awarding defendant a total of 226 days conduct credit under section 4019.  As so modified, the judgment is affirmed.

In case No. SS110536A, the judgment is affirmed.



_____
BAMATTRE-MANOUKIAN, J.



WE CONCUR:






_____
ELIA, ACTING P.J.






_____
MÁRQUEZ, J.

11