Filed 6/17/13  P. v. Guarino CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G047035 |
| v. | (Super. Ct. No. 10HF0523) |
| JUSTIN ANTHONY JOSEPH GUARINO, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, David A. Hoffer, Judge.  Affirmed as modified.

Gregory Marshall, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Jennifer B. Truong, Deputy Attorneys General, for Plaintiff and Respondent.

Justin Anthony Joseph Guarino appeals from a judgment after a jury convicted him of aggravated assault and found true he inflicted great bodily injury on Jessica Gledhill. Guarino argues three fees he was ordered to pay are erroneous. We agree with one of his claims, but the other two claims have no merit. We affirm the judgment as modified.

## FACTS

Gledhill and three male companions left a doughnut shop on Balboa Peninsula after celebrating St. Patrick's Day. As they walked by a group of men, including a man later identified as Guarino, the two groups first exchanged insults and then shoves. Gledhill kept walking. When she heard a scream, she turned around and was hit in the face by a pool ball thrown by Guarino. Gledhill suffered severe injuries requiring surgeries. She could not see for a long time, experienced dizziness, and suffered from pain long after the incident.

An information charged Guarino with aggravated assault (Pen. Code, § 245, subd. (a)(1)), and alleged he inflicted great bodily injury (Pen. Code, § 12022.7, subd. (a)). The jury convicted him of the offense and found true the enhancement. The trial court suspended the sentence, placed him on five years of formal probation, and ordered he serve 350 days in jail. The court "order[ed] the $70 conviction fee . . . ."

## DISCUSSION

First, Guarino argues Penal Code section 1465.8's $70 "conviction fee" should be reduced to $40. The Attorney General correctly responds the criminal conviction assessment is governed not by Penal Code section 1465.8, which is the court operations/security fee, but instead by Government Code section 70373 and that assessment should be reduced not to $40 but instead to $30.

Government Code section 70373, subdivision (a)(1), requires a criminal conviction assessment of $30 for each felony conviction. Guarino was convicted of one felony offense, and thus the trial court should have imposed a Government Code

2

section 70373 criminal conviction assessment of $30.  We modify the judgment to reflect a Government Code section 70373 criminal conviction assessment of $30.

Second, Guarino argues the clerk's minute order reflects two fees the trial court did not impose at the sentencing hearing:  (1) a $40 court operations/security fee pursuant to Penal Code section 1465.8;[1] and (2) a $235 booking fee pursuant to Government Code section 29550.1.  It is true the reporter's transcript does not reflect the court imposed a court operations/security fee (Pen. Code, § 1465.8), or a booking fee (Gov. Code, § 29550.1).  Guarino is also correct that where there is a discrepancy between the oral pronouncement of judgment and the clerk's minute order, the oral pronouncement of judgment controls.  (*People v. Mesa* (1975) 14 Cal.3d 466, 471.)

However, the Penal Code section 1465.8, subdivision (a)(1), court operations/security fee [$40 assessment "shall be imposed" on every criminal conviction], and Government Code section 29550.1 booking fee ["judgment of conviction shall contain an order for payment of the amount of the criminal justice administration fee"], are both mandatory fees the trial court must impose at the time of sentencing.  (*People v. Robinson* (2012) 209 Cal.App.4th 401, 405.)  Additionally, when a fee is required as part of a defendant's sentence, we may correct any errors on appeal.  (*Ibid.*)

Penal Code section 1465.8, subdivision (a), requires a $40 court operations/security fee on every conviction for a criminal offense.  Guarino was convicted of one felony offense, and therefore, the trial court should have imposed a Penal Code section 1465.8 court operations/security fee of $40.  We modify the judgment to reflect a Penal Code section 1465.8 court operations/security fee of $40.

---

[1]     Guarino complains the trial court did not orally pronounce two fees reflected in the court's minute order but he mistakenly identifies one as the Government Code section 70373 assessment when it is actually the Penal Code section 1465.8 fee.

3

Government Code section 29550.1 requires a person convicted of an offense to reimburse a city whose officers arrested the person for the criminal justice administration fee (a booking fee). Newport Beach Police Department officer arrested Guarino, and he was convicted of aggravated assault related to that arrest. Thus, the trial court should have imposed a Government Code section 29550.1 booking fee in the amount of $235. We modify the judgment to reflect a Government Code section 29550.1 booking fee in the amount of $235.

## DISPOSITION

We modify the judgment to reflect the following assessment and fees: (1) a Government Code section 70373 criminal conviction assessment of $30; (2) a Penal Code section 1465.8 court operations/security fee of $40; and (3) a Government Code section 29550.1 booking fee in the amount of $235. The judgment is affirmed as modified.


O'LEARY, P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.

4