Filed 4/23/15  P. v. Duckett CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C076197 |
| v. | (Super. Ct. No. 11F07674) |
| JOSEPH ANTWION DUCKETT, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Joseph Antwion Duckett asked this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Our review of the record discloses that the trial court did not impose a mandatory $40 court operations fee or a mandatory $30 court facilities assessment.  We will modify the judgment to include the fee and assessment.  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

I

Defendant was an inmate at Folsom State Prison on August 20, 2011. He was housed on the second tier of the five-tier cell block. Shortly before 8:00 p.m., sleep medications were being dispensed to the inmates for whom they had been prescribed. Inmates were released from their cells in groups to receive the medications from a nurse. After consuming the medication, the inmates would return to their cells.

Correctional Sergeant Scott Russell supervised the medication process. He observed defendant while he stood in line for medication. Defendant appeared to have an object in his sock. Sergeant Russell thought the object might be a state-issued identification card. Defendant briefly left the medication line and went around a corner out of Sergeant Russell's view. Defendant returned to the medication line and, after a brief period, walked toward Sergeant Russell. Sergeant Russell saw that the object in defendant's sock was too long and slender to be an identification card.

Sergeant Russell called out to defendant as defendant ascended the cell block stairs. Defendant looked at Sergeant Russell and continued climbing the stairs while Sergeant Russell followed. When Sergeant Russell reached the second tier he again called out to defendant. Defendant ran up to the third tier. Sergeant Russell broadcast a call over the radio and activated a handheld alarm device. When the alarm activated, the majority of the inmates got on the ground as they had been instructed to do.

Sergeant Russell lost sight of defendant when he went up to the third tier. Russell reached the fourth tier, he saw defendant prone on the ground with a correctional officer standing over him. Russell told the officer to place handcuffs on defendant. After defendant was handcuffed, Russell reached into defendant's sock and retrieved a thin, flat piece of metal that was approximately six inches long and one and a half inches wide with an orange taped handle. It appeared to Russell that one edge of the object had been sharpened. Defendant told Russell that defendant used the item to cut sausage.

Defendant testified that he was wearing ear buds and was listening to his compact disc player when he walked downstairs to get his medication. He had the object that Sergeant Russell ultimately seized, which defendant described as a "utility tool." Defendant did not recall anyone saying anything to him as he went upstairs after taking his medication. Regarding Sergeant Russell's claim that defendant ran, defendant explained that his left foot had been injured in the early 1990's and that leg is unable to support his weight. When defendant climbed up to the fourth tier, he saw the flashing blue light that is part of the alarm system. At that point, he removed the ear buds and heard the audible alarm. A correctional officer ordered him to the ground. Defendant went prone as directed.

A jury found defendant guilty of possession of a sharp metal instrument by a prisoner. (Pen. Code, § 4502, subd. (a).) In a bifurcated proceeding, the jury found that defendant had two prior serious felony convictions (Pen. Code, §§ 667, subds. (b)-(i), 1170.12) and had served a prior prison term. The trial court sentenced defendant to seven years in prison, consecutive to the term he was then serving. The sentence consisted of twice the middle term of three years plus one year for the prior prison term. The trial court ordered defendant to pay a $600 restitution fine (Pen. Code, § 1202.4) and a $600 parole revocation fine (Pen. Code, § 1202.45).

II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra,* 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Our review of the record discloses that the trial court did not impose a mandatory $40 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)) or a mandatory $30 court

facilities assessment (Gov. Code, § 70373).  We will modify the judgment to include the fee and assessment.  (*People v. Robinson* (2012) 209 Cal.App.4th 401, 405.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

## DISPOSITION

The judgment is modified to include the imposition of a $40 court operations fee (Pen. Code, § 1465.8, subd. (a)(1)) and a $30 court facilities assessment (Gov. Code, § 70373).  The judgment is affirmed as modified.  The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy of the amended abstract of judgment to the Department of Corrections and Rehabilitation.


                                                           MAURO_____, Acting P. J.


We concur:


_____DUARTE_____, J.


_____HOCH_____, J.

4