Filed 8/14/15  P. v. Turner CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>VANESSA TURNER,<br><br>    Defendant and Appellant. | C078432<br><br>(Super. Ct. No. CRF144895) |

Appointed counsel for defendant Vanessa Turner asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Our review discloses that the trial court did not impose a mandatory $40 court operations fee or a mandatory $30 court facilities assessment. We will modify the judgment to include the mandatory fee and assessment.  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

## I

Defendant's boyfriend, Lennie Mclain, called her while he was in custody at the Yolo County jail and he asked her to bring him methamphetamine. After defendant visited Mclain at the jail and shook his hand, Mclain was found with 0.73 grams of methamphetamine in his hand.

Defendant pleaded no contest to possession of a controlled substance and paraphernalia in jail. (Pen. Code, § 4573.6.)[1] The trial court dismissed the remaining counts against her and placed her on probation for three years with various terms and conditions, including that she serve 90 days in jail. The trial court awarded credit for one day served and ordered defendant to pay a $300 restitution fine (§ 1202.4) and a $300 probation revocation fine (§ 1202.44). Defendant did not obtain a certificate of probable cause.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days elapsed and we received no communication from defendant.

Our review of the record discloses that the trial court did not impose a mandatory $40 court operations fee (§ 1465.8, subd. (a)(1)) or a mandatory $30 court facilities assessment. (Gov. Code, § 70373.) The trial court did not mention the court operations fee or court facilities assessment in its oral pronouncement of sentence. Although an attachment identified as page seven purports to order the fee and assessment, that page is not incorporated by reference on pages one through three of the probation order. We will

---

[1] Undesignated statutory references are to the Penal Code.

modify the judgment to include the mandatory fee and assessment. (*People v. Robinson* (2012) 209 Cal.App.4th 401, 405.)

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to include the imposition of a $40 court operations fee (§ 1465.8, subd. (a)(1)) and a $30 court facilities assessment (Gov. Code, § 70373). The judgment is affirmed as modified. The trial court is directed to prepare an amended order admitting defendant to formal probation and to forward a certified copy of the amended order to the appropriate authorities.

                                                                 MAURO          , J.

We concur:

      NICHOLSON     , Acting P. J.

      RENNER        , J.

3