Filed 12/8/15  P. v. Diaz CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C078192 |
| Plaintiff and Respondent, | (Super. Ct. No. 13F05311) |
| v. | |
| CHARLES MOISES DIAZ, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Charles Moises Diaz has asked this court to review the record to determine whether there exist any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment.

I

We provide the following brief description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

Defendant was charged by amended information with two counts of attempted murder. (Pen. Code, §§ 187, 664, subd. (a); unless otherwise stated, statutory references that follow are to the Penal Code.) The amended information alleged that, as to both counts, defendant personally used a firearm (§§ 12022.53, subd. (b), 12022.5, subd. (a)(1)), personally and intentionally discharged a firearm (§ 12022.53, subd. (c)), and committed the offenses for the benefit of or in association with a criminal street gang (§ 186.22, subd. (b)(1)). The amended information further alleged defendant committed the first attempted murder charge willfully, deliberately, and with premeditation. (§§ 664, subd. (a), 1192.7, subd. (c).)

The information was again amended to allege a single count of assault with a firearm. (§ 245, subd. (a)(2).) The amended information further alleged defendant personally used a firearm in commission of the offense (§ 12022.5, subds. (a) & (d)), he committed the offense for the benefit of or in association with a criminal street gang (§ 186.22, subd. (b)(1)), and the offense is a serious and violent felony within the meaning of sections 1192.7, subdivision (c)(8) and 667.5, subdivision (c)(8).

Defendant pleaded no contest to the assault charge (a strike) and admitted the special allegations in exchange for a stipulated sentence of 17 years in state prison and dismissal of any other pending charges and allegations. The factual basis to substantiate the plea is as follows:

On or about August 20, 2013, defendant, a member of the Sureno criminal street gang, fired a firearm in the direction of Michael Madrid, an admitted member of the rival Norteno criminal street gang, and did so for the benefit of or in association with the Sureno criminal street gang.

Prior to sentencing, defendant moved to withdraw his plea. Following a closed discussion with defendant and his counsel, the court denied the motion.

The trial court denied probation, sentenced defendant to 17 years in state prison as stipulated, and dismissed all remaining charges and allegations. The court imposed a

2

$280 restitution fine (§ 1202.4, subd. (b)(1)) and a $280 parole revocation fine, stayed pending successful completion of parole (§ 1202.45), and awarded defendant 397 days of presentence custody credit (346 actual days, plus 51 conduct credits).

Defendant was granted relief from untimely filing of his notice of appeal. The trial court did not rule on his request for a certificate of probable cause. Defendant's subsequent requests that the trial court modify his presentence custody credits were denied.

## II

Counsel filed an opening brief that sets forth the facts of the case and requests that we review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days have elapsed and we have received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant. We note that the trial court's minute order and the abstract of judgment both reflect imposition of a $40 court operations assessment (§ 1465.8) and a $30 criminal conviction assessment (Gov. Code, § 70373). However, while neither assessment was included in the court's oral pronouncement of judgment, both are statutorily mandated. (*People v. Alford* (2007) 42 Cal.4th 749, 754 [court operations assessment is mandatory for all convictions]; *People v. Robinson* (2012) 209 Cal.App.4th 401, 405 [court operations and criminal conviction assessments "are a required part of defendant's sentence and may be corrected on appeal"].) Therefore, we need not address them further.

### DISPOSITION

The judgment is affirmed.

                                    _____HULL_____, Acting P. J.


We concur:



_____MURRAY_____, J.



_____RENNER_____, J.