Filed 1/25/16  P. v. Bobo CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C079766 |
| v. | (Super. Ct. No. CRF152355) |
| JOSEPH BOBO, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Joseph Bobo asked this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).)  Defendant also filed a supplemental brief.  Based on our review of the record and defendant's supplemental brief, we reject defendant's claim that he should have been sentenced to a 70 percent - 30 percent split sentence rather than the 50-50 split sentence imposed by the trial court.  The trial court did not abuse its discretion.  However, we will modify the judgment to impose a mandatory supervision revocation restitution fine, and further direct the trial court to amend and correct the abstract of judgment to reflect the orally imposed judgment (including deletion of items stricken by the trial court) and to reflect the judgment as modified.  Finding no other arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

1

I

Yolo County Sheriff's deputies contacted defendant while he was parked alongside a freeway on-ramp. The deputies smelled marijuana, searched the vehicle, and found cocaine, hashish, and more than 51 grams of methamphetamine. Defendant admitted he possessed the methamphetamine for sale.

The trial court heard and denied defendant's *Marsden* motion. (*People v. Marsden* (1970) 2 Cal.3d 118). Defendant pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378 -- count 2), and admitted two prior drug convictions within the meaning of Health and Safety Code section 11370.2, in exchange for dismissal of various other charges and allegations and a stipulated split sentence of eight years to be served in "county prison."

The trial court sentenced defendant to the middle term of two years on count 2, plus two consecutive three-year terms for the enhancements, for an aggregate sentence of eight years in county prison. The trial court ordered that the sentence was to be served as a split term pursuant to Penal Code section 1170, subdivision (h)(5)(B),[1] with four years served in county jail and the remaining four years suspended under mandatory supervision subject to written mandatory supervision conditions.

The trial court also imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $30 restitution collection fee (§ 1202.4, subd. (*l*)), a $50 criminal laboratory analysis fee plus a $150 penalty assessment (Health & Saf. Code, § 11372.5), a $40 court operations assessment (§ 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373, subd. (a)(1)). The trial court said the drug program fee and penalty assessment were stricken. The trial court awarded defendant 161 days of presentence credit (81 actual days plus 80 conduct days). Defendant did not request a certificate of probable cause.

---

[1] Undesignated statutory references are to the Penal Code.

## II

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief.

Defendant filed a supplemental brief arguing that he "deserves" a 70 percent - 30 percent split sentence rather than the 50-50 split sentence the trial court imposed. The contention lacks merit.

Pursuant to section 1170, subdivision (h)(5), a trial court may impose a straight jail commitment, or it may suspend execution of a portion of the jail term, during which period the defendant would be placed on mandatory supervision by the probation department. We review a trial court's discretionary sentencing choice for abuse of discretion. (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

Our review of the record does not show that the trial court abused its discretion. Defendant negotiated a split term county prison sentence. At the plea hearing, he told the trial court, "I'd like to get it on record that I'd like a third split instead of a half split." The trial court responded, "Well, there's no agreement as to the split. All it says is a split, and so the split will be up to the Court. The agreement is that there's eight years, and it will be served locally. It won't be served in the state prison. It will be served in Yolo County Jail, and there will be a split. The rest is up to me. [¶] You understand?" Defendant indicated that he did.

At the sentencing hearing, defense counsel argued for "a two-year/six-year split, which would be 730 days in custody, 2,190 days on mandatory supervision." The prosecution responded, "I support probation's recommendation. Quite frankly, a 50/50 split seems a little generous given [defendant's] criminal background. I certainly would not support less than that." The probation report recommended a term of eight years to "be served in the Yolo County jail, or in an alternative custody program at the direction

3

of Yolo County Sheriff in a manner deemed appropriate." The trial court stated, "The Court does feel that a 50/50 split is normally appropriate and will impose it. The eight years translates to 2,920 days. . . . The 2,920 days are served 1,460 days in custody, or alternative custody, and 1,460 days in mandatory supervision."

In sentencing defendant, the trial court considered the probation report and the arguments of both parties. The probation report details defendant's criminal history, which begins in 1989 and includes crimes every several years despite grants of probation and periods of incarceration in prison. Like his current offense, defendant's prior crimes consist primarily of drug related offenses and include possession, possession for sale, and transportation. The trial court concluded it was appropriate to impose a sentence in which defendant would be incarcerated locally for half of the eight-year term and spend the remaining half of the term under mandatory supervision. Nothing in the record suggests the trial court's decision was irrational or arbitrary.

Our review of the record does, however, disclose that the trial court did not impose a $300 mandatory supervision revocation restitution fine as required by section 1202.45, subdivision (b). The trial court did not mention the fine in its oral pronouncement of sentence, nor does the probation report make reference to it. We will modify the judgment to include the mandatory fine. (*People v. Robinson* (2012) 209 Cal.App.4th 401, 405.)

We also note two issues related to the document entitled "Abstract of Judgment Attachment Page," one of which requires correction of the abstract. First, the attachment page reflects a drug program fee of $150 plus penalties of $465. Those amounts were expressly stricken by the trial court in its oral pronouncement of judgment. We will direct the trial court to correct the abstract accordingly. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.)

Second, the trial court's oral pronouncement of judgment included imposition of a $50 criminal laboratory analysis fee plus a $150 penalty assessment. (Health & Saf.

4

Code, § 11372.5.)  The attachment page reflects imposition of a $50 criminal laboratory analysis fee plus penalties in the amount of $155.  However, because the additional $5 penalty reflected in the attachment page is attributed to a penalty mandated by Government Code section 76104.6, subdivision (a)(1), the attachment page requires no correction in that regard.

Having undertaken an examination of the entire record, we find no other arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is modified to impose a $300 mandatory supervision revocation restitution fine.  (§ 1202.45, subd. (b).)  The judgment is affirmed as modified.  The trial court is directed to amend and correct the abstract of judgment to reflect the judgment as orally pronounced -- deletion of the $150 drug program fee and $465 in penalties from the abstract of judgment attachment page -- and to further reflect the judgment as modified.  The trial court shall forward a certified copy of the amended and corrected abstract of judgment to the Department of Corrections and Rehabilitation.


             /S/                      
            Mauro, J.



We concur:



      /S/                      
Butz, Acting P. J.



      /S/                      
Hoch, J.



5