Filed 8/11/16  P. v. Steward CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>ROBERT MANUEL STEWARD,<br><br>        Defendant and Appellant. | C080326<br><br>(Super. Ct. No. 15F02230) |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we modify the judgment to include certain mandatory fees.  Finding no arguable error that would result in a disposition more favorable to defendant, we will affirm the judgment as modified.

**BACKGROUND**

We provide the following brief description of the facts and procedural history of this case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

1

At approximately 9:00 p.m. on April 17, 2015, Kerrye Wheeler was sitting in the driver's seat of her car at 3113 Huntsman Drive in Sacramento. Her window was open and she was talking to her 13-year-old son, Joey, who was sitting in the front passenger seat. An individual, later identified as defendant, approached the driver's side of the car and punched Wheeler in the face. Defendant told Wheeler to "[g]et out of the car" and said, "I'm not playing."

After defendant struck Wheeler, Joey got out of the car and ran inside to get his father. Meanwhile, defendant reached inside Wheeler's car and opened the door. He then undid her seat belt, yanked her out of the car, and threw her into the street. Defendant got into the car and attempted to start it but was unable to do so. Eventually, defendant got out of the car and walked away, leaving some of his papers behind. A search of the car by the police revealed numerous papers with defendant's name on them.

Defendant was charged by an amended information with attempted carjacking in violation of Penal Code sections 664 and 215, subdivision (a).[1] It was further alleged that defendant had served a prior prison term within the meaning of section 667.5, subdivision (b), and had suffered a prior serious felony conviction within the meaning of section 667, subdivision (a), which qualified as a strike (§§ 667, subds. (b)-(i), 1170.12).

Following a jury trial, defendant was found guilty of the charged offense. In a bifurcated proceeding, the trial court found true the sentence enhancement allegations. The trial court sentenced defendant to an aggregate term of 15 years in prison, consisting of the upper term of four years and six months for the attempted carjacking, doubled to nine years for the prior conviction, plus five years for the prior strike and one year for the prison prior.

Defendant filed a timely notice of appeal.

---

[1] Undesignated statutory references are to the Penal Code.

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days from the date the opening brief was filed. To date, defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant. However, we have found an error in the abstract of judgment that must be corrected. The reporter's transcript reveals that the trial court imposed a $384.94 main jail booking fee, but the abstract of judgment does not reflect the imposition of this fee. Accordingly, this omission requires correction of the abstract to reflect the judgment imposed. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [abstract of judgment must fully and accurately capture all components of a defendant's sentence]; *People v. High* (2004) 119 Cal.App.4th 1192, 1201 [the trial court is required to "separately list, with the statutory basis, all fines, fees and penalties imposed"].)

In addition to the error in the abstract of judgment, we note a sentencing error. After imposing the mail jail booking fee, the trial court stated that "[a]ll other fines and fees are waived." The trial court erred in failing to impose a court operations assessment and a criminal conviction assessment both of which are statutorily mandated. (§ 1465.8, subd. (a)(1); Gov. Code, § 70373, subd. (a)(1); see also *People v. Alford* (2007) 42 Cal.4th 749, 754 [court operations assessment is mandatory for all convictions]; *People v. Robinson* (2012) 209 Cal.App.4th 401, 405 [court operations and criminal conviction assessments "are a required part of defendant's sentence and may be corrected on appeal"].) Failure to impose mandatory fees, fines, penalties, and assessments constitutes an unauthorized sentence, which may be corrected by an appellate court even

3

in the absence of an objection or argument below. (*People v. Turner* (2002) 96 Cal.App.4th 1409, 1413-1415.)

## DISPOSITION

We modify the judgment to impose the court operations assessment and a criminal conviction assessment. The trial court is directed to prepare an amended abstract of judgment and to forward a certified copy thereof to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

\_\_\_\_/s/_____

Blease, J.

We concur:

\_\_\_\_/s/_____

Raye, P. J.

\_\_\_\_/s/_____

Duarte, J.

4