Filed 6/18/24  P. v. Carranza CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>RICARDO ARMANDO CARRANZA,<br><br>        Defendant and Appellant. | C098523<br><br>(Super. Ct. No. 21FE001728) |

A jury found defendant Ricardo Armando Carranza guilty on six counts of robbery, one count of attempted robbery, and one count of misdemeanor evading a police officer in a motor vehicle.  As relevant here, the probation report recommended eight mandatory $40 court operations assessments totaling $320 under Penal Code section 1465.8, subdivision (a)(1),[1] and eight mandatory $30 court facility assessments totaling $240 under Government Code section 70373.  At the sentencing hearing, defense counsel argued for a low term and the prosecutor argued for an upper term, but neither one addressed fines or assessments.  The trial court sentenced defendant to an aggregate

---

[1] Undesignated statutory references are to the Penal Code.

1

prison term of eight years eight months, imposed a $1,000 restitution fine and a $1,000 parole revocation fine, and otherwise imposed minimum mandatory fees and assessments. Defendant did not object to the assessments or ask the trial court to more specifically describe them or their statutory basis.

Defendant now challenges on appeal the court operations assessments totaling $320 and the court facility assessments totaling $240, arguing that because the trial court only imposed mandatory assessments and the challenged assessments are not mandatory, they were not orally imposed. Disagreeing with defendant's argument, we will affirm the judgment.

DISCUSSION

Defendant claims the challenged assessments were not mandatory, but that is incorrect. Section 1465.8, subdivision (a)(1), provides, "an assessment of forty dollars ($40) shall be imposed on every conviction for a criminal offense," and Government Code section 70373, subdivision (a)(1), provides that "an assessment shall be imposed on every conviction for a criminal offense. . . . The assessment shall be imposed in the amount of thirty dollars ($30) for each misdemeanor or felony." Both assessments are mandatory. (See *People v. Standish* (2006) 38 Cal.4th 858, 869; *People v. Robinson* (2012) 209 Cal.App.4th 401, 405.)

Nevertheless, defendant cites *People v. Dueñas* (2019) 30 Cal.App.5th 1157 for the proposition that the assessments should not have been imposed without a determination of defendant's ability to pay. (*Id.* at pp. 1164, 1168.) However, defendant did not assert *Dueñas* at sentencing, even though the hearing occurred years after that decision issued. Defendant has forfeited any argument that *Dueñas* should be applied here. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 624.)

Defendant argues he did not have an opportunity to assert his inability to pay because the trial court did not specify the assessments imposed. Regarding specification of the assessments, at sentencing the trial court repeatedly mentioned the probation

2

report, which described the assessments as mandatory and identified their statutory basis. Although the trial court could have been clearer at sentencing, this record is distinguishable from the cases cited by defendant. In *People v. Hartley* (2016) 248 Cal.App.4th 620, there was no trial court reference to the probation report, but the court of appeal recognized that a trial court could provide an adequate description by referencing materials containing the required information. (*Id*. at pp. 635-637.) *People v. Zackery* (2007) 147 Cal.App.4th 380 is likewise distinguishable because in that opinion there was no indication the trial court referenced mandatory assessments listed in a probation report. (*Id*. at p. 387.)

As for defendant's opportunity to assert his inability to pay, the trial court imposed a $1,000 restitution fine, which was $700 above the statutory minimum, and defendant did not object or present evidence of his inability to pay. (§ 1202.4, subds. (b)(1), (c), (d).) Under the circumstances, there is no basis to conclude he would have presented evidence at the sentencing hearing of his inability to pay the challenged assessments.

On this record, defendant's arguments lack merit.

DISPOSITION

The judgment is affirmed.

/S/<br>
MAURO, Acting P. J.

We concur:

/S/<br>
RENNER, J.

/S/<br>
MESIWALA, J.

3