[Crim. No. 21699. First Dist., Div. Four. Feb. 2, 1981.]

In re JOE BALLARD on Habeas Corpus.

COUNSEL

Donald Specter, under appointment by the Court of Appeal, and Michael Satris for Petitioner.

George Deukmejian, Attorney General, and J. Patrick Collins, Deputy Attorney General, for Respondent.

OPINION

**POCHÉ, J.**—By original petition for a writ of habeas corpus, addressed to the California Supreme Court, petitioner Joe Ballard, a parolee from the California Department of Corrections, seeks credit against the term of his parole for presentence conduct credits (cf., *People* v. *Sage* (1980) 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874]) which he had earned but which were not applied against his state prison term. The Supreme Court issued its order to show cause returnable before this court. Respondent Chairman of the Board of Prison Terms concedes that petitioner is entitled to relief. We grant relief as hereinbelow set forth.

Petitioner was convicted of felonies and was committed to state prison for concurrent terms. By court orders he has received credit for time served in presentence custody ("section 2900.5 credits": Pen. Code, § 2900.5) and the Director of Corrections calculated additional conduct credits based on his actual period of presentence custody ("*Sage* credits": *People* v. *Sage, supra*). Because the sum of these credits exceeded the remaining term of his prison commitment he was promptly released on parole. Respondent agreed to apply petitioner's unused section 2900.5 credits to reduce his parole term, but has heretofore declined to make similar application of petitioner's unused *Sage* credits.

Respondent now concedes that the amount of time petitioner spent incarcerated, in excess of the period he would have spent had all custo-

dy and conduct credits (including *Sage* credits) to which he was entitled been applied, should be deducted from his parole term.

█ A defendant who, like petitioner, actually serves time in a state prison, is normally returned to freedom by way of a transitional period of parole supervision and surveillance. (Pen. Code, § 3000.) His prison release date will start his parole term; because the duration of his parole term is to be determined under strict statutory guidelines, his prison release date also has a direct effect upon the date on which he will be released from parole. (Pen. Code, §§ 3000, 3001.)

A defendant's prison release date is calculated by reference to the term of imprisonment assigned by the sentencing court (Pen. Code, § 1170 et seq.) or by the Board of Prison Terms (Pen. Code, § 1170.2), reduced by any applicable section 2900.5 credits for presentence time actually served, *Sage* credits for good conduct and participation while in presentence custody, and credits for good conduct and participation while in prison ("section 2931 credits": Pen. Code, §§ 2930-2932). Should application of a credit to which the defendant is entitled be delayed until after his prison release date calculated without regard to the credit, or until so late in his prison term that the credit to be applied exceeds the amount of time remaining to be served a defendant will obviously be prejudiced: his actual prison release date will be later than the prison release date to which the credit, timely applied, would have entitled him. In such situations unless some adjustment is made, the delay in releasing the person from prison will delay his release from parole.*

Respondent suggests that such an adjustment can be made by deducting from his parole term the excess of the time petitioner actually spent in prison beyond the time he should have spent had all credits, including *Sage* credits, been timely applied. Petitioner agrees.

---

*A situation in which the section 2900.5 credits, or the sum of the section 2900.5 credits and the *Sage* credits, when ultimately calculated, is found to equal or to exceed the entire assigned prison term will be somewhat different. In such a situation "the entire sentence, including any period of parole under Section 3000, shall be deemed to have been served and the defendant shall not be actually delivered to the custody of the Director of Corrections." (Pen. Code, § 1170, subd. (a)(2).) Even if the defendant has already served some or all of his prison term before the credits have been calculated and applied, a subsequent determination that those credits equal or exceed the assigned prison term will operate to release the defendant from any term of parole. (Cf., *In re Sosa* (1980) 102 Cal.App.3d 1002, 1006 [162 Cal.Rptr. 646].)

Deductions from the parole term are expressly authorized in other situations: section 2900.5 credits may be applied against either or both of the period of incarceration and the parole period (Pen. Code, § 2900.5, subds. (a), (c); cf. *In re Sosa, supra,* 102 Cal.App.3d 1002, 1006), and where a defendant's prison release date has been delayed by administrative proceedings relevant to whether section 2931 credits should be denied, and the matter is resolved in his favor, the delay is deducted from the parole period. (Pen. Code, § 2932, subd. (d).) Fundamental fairness requires that where misapplication of *Sage* credits has contributed to delay a prisoner's release date, those credits must be used to adjust the parole release date. Respondent's suggestion would have this effect. We approve it.

Respondent Chairman of the Board of Prison Terms is ordered to deduct from petitioner's parole term the amount of time petitioner spent incarcerated, in excess of the period he would have spent had all custody and conduct credits authorized by *People* v. *Sage, supra,* 26 Cal.3d 498 [165 Cal.Rptr. 280, 611 P.2d 874]) been timely applied.

Rattigan, Acting P. J., and Anderson, J.,* concurred.

*Assigned by the Chairperson of the Judicial Council.