Filed 6/26/15

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051142 |
| v. | (Super. Ct. No. 13WF3934) |
| JOSUE VARGAS MORALES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affimed in part and reversed in part and remanded with directions.

Christian C. Buckley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Arlene A. Sevidal and Sean M. Rodriquez, Deputy Attorneys General, for Plaintiff and Respondent.

\* \* \*

In 2014 the voters passed Proposition 47, which reclassified certain offenses from felonies to misdemeanors. Proposition 47 also enacted a procedure whereby a defendant who suffered a felony conviction for one of the reclassified offenses could petition to have the conviction redesignated a misdemeanor. If the defendant is still serving a sentence, the defendant can have the sentence recalled and be given a misdemeanor sentence instead. Defendants who are resentenced are subject to one year of parole unless the court, in its discretion, waives the parole requirement.

Here, in March 2014, defendant pleaded guilty to felony possession of a controlled substance. In April 2014, he was sentenced to 16 months in state prison. In August 2014, he was released to postrelease community supervision (PRCS) for a period of three years. In November 2014, defendant filed a petition to have his sentence recalled and to have his felony conviction reclassified as a misdemeanor. The court recalled his sentence, imposed a jail sentence of time served, and imposed one year of parole.

On appeal, defendant contends he was not still serving a sentence and thus the court had no authority to impose parole, but could only redesignate the conviction from a felony to a misdemeanor. In the alternative, defendant contends his excess custody credits should be counted against his parole time. We disagree with his first contention and conclude he was still serving his sentence when he petitioned to recall the felony conviction. However, we agree he was entitled to credit his excess custody time against his parole. We also agree with defendant's contention that he is entitled to have excess custody days credited against his fines, and thus we remand for a recalculation of his parole period and fines.

DISCUSSION

*Defendant Was Subject to One Year of Parole*

Proposition 47, "'the Safe Neighborhoods and Schools Act'" was passed in November 2014. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089.) "Proposition 47 makes certain drug- and theft-related offenses misdemeanors, unless the offenses were committed by certain ineligible defendants. These offenses had previously been designated as either felonies or wobblers (crimes that can be punished as either felonies or misdemeanors). Proposition 47 (1) added Chapter 33 to the Government Code (§ 7599 et seq.), (2) added sections 459.5, 490.2, and 1170.18 to the Penal Code, and (3) amended Penal Code sections 473, 476a, 496, and 666 and Health and Safety Code sections 11350, 11357, and 11377." (*Id.* at p. 1091.)

Penal Code section 1170.18 is a resentencing provision that provides two distinct remedies.[1]

First, "A person *currently serving a sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act." (§ 1170.18, subd. (a), italics added.) "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its

---

[1] All statutory references are to the Penal Code.

discretion, as part of its resentencing order, releases the person from parole." (*Id.*, subd. (d).)

Second, "A person *who has completed his or her sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (§ 1170.18, subd. (f), italics added.)

The question presented by this appeal is whether a person who has completed a prison term but is on PRCS is still "serving a sentence," such that the court may impose parole, or whether that person has "completed his or her sentence," such that only redesignation of the conviction is available.

The People contend such a person is still serving a sentence, relying primarily on section 3000, subdivision (a)(1), which states, "A sentence resulting in imprisonment in the state prison pursuant to Section 1168 or 1170 *shall include* a period of parole supervision or postrelease community supervision, unless waived, or as otherwise provided in this article." (Italics added.)

In contending otherwise, defendant relies primarily on the statute in question, section 1170.18, subdivision (d), which states, "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year *following completion of his or her sentence . . . .*" (Italics added.) Defendant argues this language demonstrates that parole is something that occurs after the sentence is complete and is thus not part of the sentence.

At first blush, this may appear to create a contradiction. In fact, however, these uses of "sentence" are reconcilable. A person convicted of a felony and given a prison term receives a period of parole or PRCS as a matter of course. Accordingly, section 3000, which refers to individuals sentenced to state prison — i.e., felons —

4

includes parole or PRCS as a part of the sentence. By contrast, misdemeanor offenders do not receive a period of parole or PRCS as a matter of course following a jail term, and thus a reference to a misdemeanor sentence would not include a parole or PRCS period. Accordingly, section 1170.18, subdivision (d), refers to the unique parole period added by Proposition 47 as occurring after the *misdemeanor* sentence has been completed. This follows from the plain language of subdivision (d), which applies on its face only to a person who is *resentenced* to a misdemeanor pursuant to the statute.

To interpret section 1170.18, subdivision (a), therefore, we must simply consider which sentence is being referred to — the felony sentence to be recalled or the new misdemeanor sentence. Subdivision (a) permits the resentencing of "[a] person currently serving a sentence for a conviction, whether by trial or plea, *of a felony*." (Italics added.) Since this refers to the felony sentence, it includes PRCS. And since defendant was still serving PRCS when he filed his petition under section 1170.18, he was still serving his sentence and thus subject to the parole requirement.

Defendant also relies on section 1170, which is part of the same chapter as section 1170.18. Section 1170, subdivision (a)(3), addresses determinate sentencing and provides for the accounting of custody credits using the following language: "In any case in which the amount of preimprisonment credit under Section 2900.5 or any other provision of law is equal to or exceeds any sentence imposed pursuant to this chapter, *the entire sentence* shall be deemed to have been served and the defendant shall not be actually delivered to the custody of the secretary. The court shall advise the defendant that he or she shall serve a period of parole and order the defendant to report to the parole office closest to the defendant's last legal residence, *unless the in-custody credits equal the total sentence, including both confinement time and the period of parole*." (Italics added.) Defendant argues this language "contemplates a 'sentence' as being the period of confinement not inclusive of [parole or PRCS] and a 'total sentence' as being the period of confinement and [PRCS] that follows the term in custody under the applicable law."

5

However, defendant's argument omits a modifier. Section 1170 refers to the prison term as not merely the "sentence" but the "entire sentence." It then refers to the prison term plus parole period as the "total sentence." In using the terms "entire sentence" and "total sentence," there is no indication the Legislature meant to create distinct technical definitions. Rather, this simply shows that the word "sentence" can be used in different ways and must be interpreted in context. The context makes plain that the "entire sentence," as used in the statute, refers to the period of incarceration, and that the "total sentence" refers to the period including both time in custody and either parole or PRCS. Additionally, section 1170, subdivision (c), goes on to state, "The court shall also inform the defendant that *as part of the sentence* after expiration of the term he or she may be on parole for a period as provided in Section 3000." (Italics added.) To the extent that section 1170 provides any clear guidance on what the word "sentence" means in isolation, therefore, it suggests "sentence" includes a parole period consistent with section 3000.

Defendant also relies on *People v. Nuckles* (2013) 56 Cal.4th 601 (*Nuckles*). The issue presented in *Nuckles* is whether someone who helped a parolee abscond from parole was an accessory under section 32, which defines an accessory as someone who "after a felony has been committed, harbors, conceals or aids a principal in such felony, with the intent that said principal may avoid or escape from arrest, trial, conviction or *punishment,* having knowledge that said principal has committed such felony or has been charged with such felony or convicted thereof . . . ." (*Nuckles*, at p. 605.) The court concluded that parole is part of the punishment, and thus the defendant was an accessory. (*Id.* at p. 608.) In reaching that conclusion, the court discussed parole in these terms: "'[T]he general objectives of sentencing include protecting society, punishing offenders, deterring future crimes, and treating with uniformity those committing the same types of offenses [citations], whereas the objective of parole is, through the provision of supervision and counseling, to assist in the parolee's transition

6

from imprisonment to discharge and reintegration into society.' [Citation.] [¶] Although parole constitutes a distinct phase from the underlying prison sentence, a period of parole following a prison term has generally been acknowledged as a form of punishment." (*Id.* at pp. 608-609.)

*Nuckles* was not addressing the issue before us. And it merely reinforces the notion that the word "sentence" can be used in different ways and must be interpreted in context. As we have noted above, the context of section 1170.18 is that its reference to a felony sentence includes PRCS, and its reference to a misdemeanor sentence does not. Because defendant was still serving a felony sentence at the time he filed his petition in this case, he was subject to one year of parole after completing his misdemeanor sentence.[2]

*Defendant's Excess Custody Credits Apply to His Parole Period and Fines*

Next, defendant contends that if he is subject to the parole requirement, his excess custody credits should reduce his parole period. We agree.

---

[2] Defendant also contends, in the alternative, that the court abused its discretion in imposing parole. However, that argument seems to be based on the faulty premise that defendant's PRCS was set to expire in less than one year, such that the one year of parole would have made defendant's period of supervision longer. Arguably, that would be improper under section 1170.18, subdivision (e), which states, "Under no circumstances may resentencing under this section result in the imposition of a term longer than the original sentence." However, the People filed a request for judicial notice, which we grant, demonstrating that defendant was released on PRCS in August 2014, which was set to expire in August 2017, which is longer than the one year of parole the court imposed. Defendant also contends the court improperly considered previously stricken strikes, but nothing in the record supports that assertion. In addition, defendant filed a request for judicial notice of the online docket for defendant's underlying offense as well as the plea form defendant executed. We deny defendant's request for judicial notice as the attached material to the request is not necessary or helpful in resolving this appeal.

As a general rule, excess custody credits (referred to as *Sosa* credits)[3] reduce parole. (*In re Ballard* (1981) 115 Cal.App.3d 647, 650 ["section 2900.5 credits may be applied against either or both of the period of incarceration and the parole period"].) And as defendant also notes, section 1170.18, subdivision (m), states, "Nothing in this section is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant."

The People contend, however, that applying custody credits to the period of parole is not consistent with the statutory language of section 1170.18, subdivision (d), which states, "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served *and shall* be subject to parole for one year following completion of his or her sentence . . . ." (Italics added.) The People contend that use of the words "and shall" indicates the voters' intent that the defendant serve a parole period notwithstanding any credits. However, the People fail to give due consideration to the phrase "subject to." The statute does not state that the defendant shall *serve* a period of parole, only that the defendant shall be subject to parole. And as noted above, a person subject to parole is entitled to credit excess custody time against the parole period. "We must assume that the voters had in mind existing law when they enacted Proposition" 47. (*People v. Woodhead* (1987) 43 Cal.3d 1002, 1012.) There is no clear indication the voters intended to change the law on this front; to the contrary, they expressly retained all "otherwise available" remedies. (§ 1170.18, subd. (m).)

The People also contend this interpretation would lead to the absurd result that the worst offenders — i.e., those who had been given the longest sentences — would have the least supervision. But "[w]e must exercise caution using the 'absurd result' rule; otherwise, the judiciary risks acting as a '"super-Legislature"' by rewriting statutes to find an unexpressed legislative intent." (*California School Employees Assn. v. Governing*

---

[3] *In re Sosa* (1980) 102 Cal.App.3d 1002, 1006.

*Bd. of South Orange County Community College Dist.* (2004) 124 Cal.App.4th 574, 588.) And we do not find this result to be so absurd as to warrant a departure from a straightforward interpretation of the language of section 1170.18. The result we reach is not so unusual: all felons are intended to be subject to postrelease supervision as a general rule (§ 3000), yet if they have excess custody credits they are entitled to reduce or even eliminate their parole (§ 2900.5, subds. (a), (c)). Permitting that same result here is even more tolerable than usual because those subject to resentencing have by definition committed a minor offense and do not "pose an unreasonable risk of danger to public safety" under section 1170.18, subdivision (b).

As this opinion was being finalized, the Court of Appeal, Second Appellate District, Division Six filed *People v. Hickman* (June 17, 2015, B260928) ___ Cal.App.4th ___ (*Hickman*), which reached the opposite result and concluded *Sosa* credits do not apply to parole imposed pursuant to section 1170.18. *Hickman* relied on two authorities.

First, it analogized the issue to *People v. Espinoza* (2014) 226 Cal.App.4th 635 (*Espinoza*), which was decided by the same panel. The issue in *Espinoza* was whether *Sosa* credits reduce a period of PRCS, and the court concluded they do not. The *Espinoza* court reasoned that section 2900.5, the statutory basis for *Sosa* credits, applies credits only to "any period of imprisonment and parole," stating nothing about PRCS. It then noted that section 3451, subdivision (a), which introduced PRCS, states that "Notwithstanding any other law," most felons (excluding so-called super strikers) will be subject to PRCS. (*Espinoza,* at pp. 638-639.) The *Espinoza* court relied heavily on the phrase "'[n]otwithstanding any other law'" to conclude the Legislature did not intend for *Sosa* credits to apply to PRCS. (*Id.* at p. 639.)

*Espinoza* is inapt. Section 1170.18 does not have any phrase similar to "[n]otwithstanding any other law." To the contrary, it expressly preserves "any rights or remedies otherwise available to the petitioner or applicant." (*Id.*, subd. (m).) Moreover,

9

section 2900.5 does not provide for the application of credits to PRCS, but it expressly requires the application of credits to parole.  (§ 2900.5, subd. (c).)

The second authority *Hickman* relied on is a treatise.  (See Couzens & Bigelow, the Safe Neighborhoods and School Act (rev. Feb. 13, 2015) p. 56; <http://www.courts.ca.gov/documents/Prop-47-Information.pdf> (Couzens & Bigelow).)  *Hickman* quotes Couzens & Bigelow for the proposition that parole supervision under section 1170.18 is "*in addition* to any resentence imposed by the court, and without consideration of any [custody] credit that the petitioner may have earned. . . ."  (*Hickman*, *supra*, ___Cal.App.4th.___ [p. 5].)  But this quote omits the words that come right before it, which are, "*It appears that* the intent of the initiative is to authorize the one-year period of parole supervision *in addition to* . . . ."  (Couzens & Bigelow, *supra*, at p. 56, first set of italics added.)  In the full context of the quote, therefore, it is clear that the treatise authors do not take a strong stand on the issue.  Moreover, the only authorities the treatise authors cite are *Espinoza, supra*, 226 Cal.App.4th 635 and *People v. Tubbs* (2014) 230 Cal.App.4th 578, which addressed the same issue as *Espinoza* and simply relied on *Espinoza* to reach the same conclusion (*Tubs*, at p. 585).  For the reasons stated above, we find those authorities inapplicable.  Accordingly, because we find the analysis in *Hickman* unpersuasive, we respectfully disagree with its holding.

Defendant's final contention is that excess custody credits should reduce fines imposed on defendant, and we agree.  Section 2900.5, subdivision (a), permits excess custody credits to be "credited to any fine, including, but not limited to, base fines, on a proportional basis, that may be imposed, at the rate of not less than thirty dollars ($30) per day, or more, in the discretion of the court imposing the sentence."  Section 1170.18 says nothing about fines, and thus credit against applicable fines is a remedy

otherwise available.[4]  (See *People v. Robinson* (2012) 209 Cal.App.4th 401, 406-407 [credits apply only against punitive fines].)

DISPOSITION


The matter is remanded to the trial court with instructions to recalculate defendant's parole period consistently with this opinion, and to apply any excess credits against any applicable fines defendant owes.  In all other respects the postjudgment order is affirmed.


IKOLA, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.

---

[4]     Defendant also contends the court should have reduced his $280 restitution fine and his $280 PRCS revocation fine, which were the minimum fines for a felony, to $140, which was the minimum fine for a misdemeanor.  (§ 1202.4, subd. (b)(1).)  However, the maximum fine was $1,000, even for a misdemeanor (*Ibid.*), and thus the fines were not an unauthorized sentence.  Defendant failed to object below and has thus forfeited the issue.  (*People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 ["The appropriate amount of restitution is precisely the sort of factual determination that can and should be brought to the trial court's attention if the defendant believes the award is excessive.  Here, because defendant did not object to the amount of restitution in the trial court, he forfeited our consideration of the issue on appeal"].)