Filed 3/3/16  P. v. Rose CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G051293 |
| v. | (Super. Ct. No. 08HF0098) |
| PHILLIP ARTHUR ROSE, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Commissioner.  Reversed and remanded with directions.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton and Karl T. Terp, Deputy Attorneys General, for Plaintiff and Respondent.

Per Proposition 47, the trial court placed appellant Phillip Arthur Rose on one year of parole after reducing his felony drug conviction to a misdemeanor. Appellant does not contest the imposition of parole in and of itself, but he does assert the court erred in failing to apply his excess custody credits toward his parole period and eligible fines. We agree. We thus reverse the court's order and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKROUND

In 2008, appellant pleaded guilty to felony drug possession and possessing drug paraphernalia, a misdemeanor. (Health & Saf. Code, §§ 11350, 11364.) He also admitted having suffered eight prior strike convictions and served four prior prison terms. (Pen. Code, §§ 667, subds. (d)-(e)(2), 1170.12, subds. (b)-(c)(2), 667.5, subd. (b).)[1] As part of the plea agreement, the trial court struck seven of the strikes and two of the prison priors and sentenced appellant to eight years in prison.

On January 9, 2015, appellant filed a petition for resentencing under section 1170.18, which was added to the Penal Code pursuant to Proposition 47. Although the prosecution did not object to resentencing, it did ask that appellant be placed on parole. Appellant objected to the imposition of parole given he had already accumulated eight years' worth of custody credit on his underlying sentence. However, after reducing appellant's felony conviction to a misdemeanor and resentencing him to 365 days in jail, the court placed him on parole for one year. In so doing, the court applied appellant's custody credits toward his misdemeanor sentence but not toward the term of his parole.

DISCUSSION

Appellant argues the trial court erred by failing to reduce the length of his parole by his excess custody credits, i.e., the difference between the amount of custody credit he had on his original sentence and the term he received on resentencing. Appellant's claim is well taken.

---

[1] All further statutory references are to the Penal Code.

2

This is not the first time we have addressed this issue. While the present appeal was pending, we held in *People v. Morales* (2015) 238 Cal.App.4th 42 (*Morales*) that defendants who are subject to parole under Proposition 47 are entitled to have their excess custody credits counted toward their parole. On the heels of *Morales*, the trial court issued an order modifying appellant's sentence. Among other things, the court determined appellant's custody credits exceeded both his misdemeanor sentence and his one-year parole period. It therefore discharged appellant from parole.

A month later, on August 26, 2015, the California Supreme Court granted review of *Morales* (S228030)*,* as well as *People v. Hickman* (2015) 237 Cal.App.4th 984 (*Hickman*), a decision from the Second District which reached the opposite conclusion from *Morales* on the credits issue (S227964). The split reemerged after the Second District reaffirmed the holding of *Hickman* in *People v. McCoy* (2015) 239 Cal.App.4th 431 (*McCoy*), and this court reaffirmed the holding of *Morales* in *People v. Armogeda* (2015) 240 Cal.App.4th 1039 (*Armogeda*). However, the Supreme Court has granted review of both *McCoy* (S229296) and *Armogeda* (S230374).

Based on the foregoing, it is apparent the California Supreme Court is going to speak to the issue presented in this appeal. When it does, its ruling will be dispositive of that issue. In the meantime, we still have to decide the proper resolution of appellant's case. While we salute the trial court's initiative in modifying appellant's sentence to comport with *Morales*, the court lacked jurisdiction to make the modification because this appeal was already pending at that time. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916; *People v. Awad* (2015) 238 Cal.App.4th 215.) Therefore, the modification order is void. (*Ibid.*)[2]

---

2    Although section 1237.1 gives trial courts concurrent jurisdiction to correct errors involving the calculation of presentence credits while an appeal is pending, that section applies only to mathematical or clerical mistakes, not substantive issues like the one involved in this case. (*People v. Delgado* (2012) 210 Cal.App.4th 761.)

Nevertheless, we continue to adhere to the position this court exposed in *Morales* and *Armogeda* that defendants who are resentenced under Proposition 47 are entitled to have the length of their parole reduced by their excess custody credits. In arguing otherwise, the Attorney General claims the plain language and intent of Proposition 47 require the imposition of a full year of parole without any reduction for custody credits. However, Proposition 47 states that anyone who is resentenced under its provisions "shall be given credit for time served" and that nothing in the law "is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." (§ 1170.18, subds. (d) & (m).) With these provisions in mind, we turn our attention to the law respecting the allocation of custody credits in criminal cases.

The general rule, as reflected in section 2900.5, is that defendants are entitled to credit against their "term of imprisonment" for any time spent in custody prior to sentencing. (§ 2900.5, subd. (a).) And because the term of imprisonment includes parole (§ 2900.5, subd. (c)), presentence custody credit also applies against the parole portion of the defendant's sentence. (*In re Ballard* (1981) 115 Cal.App.3d 647; *In re Sosa* (1980) 102 Cal.App.3d 1002, 1005.) In fact, section 1170, subdivision (a)(3) makes clear that defendants are not required to serve time on parole if their "in-custody credits equal [their] total sentence, including both confinement time and the period of parole."

The drafters of Proposition 47 could easily have included language in the initiative to exempt persons resentenced under its terms from these well-established rules. But rather than do so, they specifically extended to defendants seeking resentencing relief all the rights and remedies to which they would otherwise be entitled. (§ 1170.18, subd. (m).) This includes the right to have presentence credits deducted from any parole period they are ordered to serve at the time of resentencing.

Respondent assails this conclusion on the basis defendants who were originally sentenced to long prison terms, and are thus in the greatest need of parole, will be in the best position to avoid postrelease supervision upon resentencing, due to their

4

accumulated custody credits. However, that is a necessary consequence of our credits system, which recognizes presentence custody is a form of punishment. (*In re Watson* (1977) 19 Cal.3d 646, 651.) Indeed, basic fairness explains why, as reflected in section 2900.5, defendants are entitled to a reduction in their parole if their presentence confinement exceeds the length of their sentence. (*In re Sosa, supra*, 102 Cal.App.3d at p. 1006.)

Appellant is not only entitled to have his parole term reduced in light of his excess custody credits, he is also entitled to have the amount of his eligible fines reduced as well. (§ 2900.5, subd. (a); *People v. Robinson* (2012) 209 Cal.App.4th 401, 406-407; *People v. McGarry* (2002) 96 Cal.App.4th 644, 646.) Therefore, the trial court erred in failing to apply appellant's excess custody credits in its original resentencing decision.

## DISPOSITION

The trial court's modification order filed on July 23, 2015 is void. The court's original resentencing order is reversed and the matter is remanded with directions for the court to apply appellant's excess custody credits toward the length of his parole and the amount of his eligible fines.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.

5