Filed 3/21/16  P. v. Garibay CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>RODRIGO BRENES GARIBAY,<br><br>    Defendant and Appellant. | G051431<br><br>(Super. Ct. No. 14WF0431)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Christopher Evans, Commissioner.  Affirmed in part, reversed in part, and remanded with directions.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

Rodrigo Brenes Garibay appeals an order granting his petition for resentencing under Proposition 47. Although he approves of the trial court's reduction of his felony conviction to a misdemeanor, he contends the court erred in subjecting him to a period of parole. We disagree. However, we do agree with appellant that his excess custody credits should be counted toward his parole period and eligible fines. Therefore, we affirm in part, reverse in part and remand for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On April 28, 2014, appellant pleaded guilty to the felony charge of receiving stolen property. (Pen. Code, § 496, subd. (a).)[1] He also admitted having suffered a prior strike conviction and served two prior prison terms. (§§ 667, subds. (d)-(e)(2), 1170.12, subds. (b)-(c)(2), 667.5, subd. (b).) As part of the plea agreement, the trial court struck the prior strike and prison terms, dismissed a misdemeanor charge of possessing burglary tools and sentenced appellant to 16 months in prison with credit for time served.

On October 9, 2014, appellant was released from prison and placed on postrelease community supervision (PRCS). Two months later, he violated the terms of his release, and a hearing on that matter was set for January 20, 2015. That same day, appellant petitioned for resentencing under Proposition 47. At the hearing, the prosecutor did not object to resentencing, but he did request appellant be placed on parole due to his lengthy criminal record. Appellant opposed further supervision given he had already served his underlying prison sentence. However, the court found he was in need of continued supervision. Therefore, after reducing appellant's felony conviction to a misdemeanor and resentencing him to 365 days in jail, the court placed him on parole for one year. In so doing, the court applied appellant's custody credits toward his misdemeanor sentence but not his parole term.

---

[1] All further statutory references are to the Penal Code.

DISCUSSION

Appellant claims the court erred by subjecting him to parole, and it then compounded that error by failing to reduce the length of his parole by his excess custody credits, i.e., the difference between the amount of custody credit he had on his original sentence and the term he received on resentencing. We find appellant was subject to parole but its term should have been reduced by his excess custody credits.

With respect to the imposition of parole, Proposition 47 draws a distinction between defendants who are currently serving their original sentence and those who have already completed their sentence. Whereas the law subjects defendants in the former category to one year of parole (§ 1170.18, subds. (a)-(d)), it does not require parole for defendants in the latter category (*id.*, at subd. (f)).[2] Proposition 47 also states that anyone who is resentenced under its provisions "shall be given credit for time served" and that nothing in the law "is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." (§ 1170.18, subds. (d) & (m)).

Although these provisions seem straightforward, they have caused a rift in the Courts of Appeal regarding the issues presented in this appeal. While appellant's appeal was pending, this court filed *People v. Morales* (2015) 238 Cal.App.4th 42

---

2      Section 1170.18 provides in pertinent part:

"(a) A person *currently serving a sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing . . . .

"(b) Upon receiving a petition under subdivision (a), the court shall determine whether the petitioner satisfies the criteria in subdivision (a). If the petitioner satisfies the criteria in subdivision (a), the petitioner's felony sentence shall be recalled and the petitioner resentenced to a misdemeanor . . . unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety.

" [¶] . . . [¶]

"(d) A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and *shall be subject to parole for one year following completion of his or her sentence*, unless the court, in its discretion, as part of its resentencing order, releases the person from parole. . . .

" [¶] . . . [¶]

"(f) A person who has *completed his or her sentence* for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under this act had this act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the felony conviction or convictions designated as misdemeanors." (Italics added.)

3

(*Morales*), which amounted to a split decision for defendants. *Morales* held inmates like appellant, who are on PRCS at the time they seek Proposition 47 relief, are still serving their underlying sentence and are therefore subject to parole upon resentencing. But, they are entitled to have their excess custody credits counted toward their period of parole.

In August 2015, the California Supreme Court granted review of *Morales* (S228030)*,* as well as *People v. Hickman* (2015) 237 Cal.App.4th 984, a decision from the Second District which reached the opposite conclusion on the credits issue (S227964). The split reemerged after the Second District reaffirmed the holding of *Hickman* in *People v. McCoy* (2015) 239 Cal.App.4th 431, and this court reaffirmed the holding of *Morales* in *People v. Armogeda* (2015) 240 Cal.App.4th 1039. But the Supreme Court has granted review of both *McCoy* (S229296) and *Armogeda* (S230374).

Based on the foregoing, it is apparent the California Supreme Court is going to speak to the issues presented in this appeal. In the meantime, however, we continue to adhere to the position this court espoused in *Morales* and *Armogeda* that defendants seeking resentencing under Proposition 47 are subject to parole if they are on PRCS, but the length of their parole should be reduced by their excess custody credits.

Regarding the parole issue, appellant contends the word "sentence" in Proposition 47 refers only to his underlying prison term. Therefore, once he finished that term, he had "completed" his sentence and was not subject to further supervision. However, following his release from prison, appellant was required to be on PRCS, which itself is a form of parole. In fact, parole was a "mandatory component" of his original felony sentence. (*People v. Nuckles* (2013) 56 Cal.4th 601, 609.) While parole constitutes a "distinct phase" of a defendant's punishment apart from his underlying prison term, it is an integral aspect of his original sentence during which time he is "subject to substantial restraints on his liberty and is deemed to remain in the constructive custody of the Department of Corrections and Rehabilitation." (*Ibid*.) Therefore, as far as the phrase is commonly understood, appellant was still serving his original "sentence"

4

at the time he was resentenced pursuant to Proposition 47. (Compare *People v. Espinoza* (2014) 226 Cal.App.4th 635 [which distinguished PRCS from parole in dealing with a different issue under Proposition 36].)

Appellant points out that under section 1170.18, subdivision (d), a defendant who is resentenced under Proposition 47 "shall be subject to parole for one year following completion of his or her sentence . . . ." Appellant contends this shows parole is separate from sentencing. However, by its terms, this provision governs the situation where the defendant is resentenced to a misdemeanor. Since misdemeanor sentences do not include a period of parole, it is hardly surprising parole is described as something that follows completion of the defendant's sentence. But this has no bearing on the defendant's original felony sentence, which, as explained above, included a mandatory period of parole that appellant was still serving at the time he was resentenced.

Appellant further claims that subjecting defendants who are already on PRCS to an additional term of parole after they are resentenced under Proposition 47 will frustrate the initiative's goal to save taxpayer dollars by reducing the number of people in prison. (See Voter Information Guide, Gen. Elec. (Nov. 4, 2014) argument in favor of Prop. 47, p. 38.) Imposing parole in Proposition 47 resentencing cases will no doubt result in some defendants returning to prison for violating the terms of their parole. But in enacting Proposition 47, the voters also expressed concern for public safety and the need to keep dangerous criminals off the streets. (*Ibid*.) Requiring defendants who are on PRCS to remain under parole supervision following resentencing is an entirely reasonable method of helping ensure that only nondangerous defendants are able to benefit from the procedures contained in Proposition 47.

For all of these reasons, we uphold the trial court's decision to impose a parole period in conjunction with appellant's resentencing. The court's decision was not unauthorized, nor did it constitute an abuse of discretion given appellant's criminal

record. However, as we now explain, the trial court should have reduced appellant's parole period by the amount of his excess custody credits.

In arguing otherwise, the Attorney General claims the plain language of Proposition 47 requires the imposition of a full year of parole without any reduction for custody credits. However, as we have noted, Proposition 47 expressly states that anyone who is resentenced under its provisions "shall be given credit for time served" and that nothing in the law "is intended to diminish or abrogate any rights or remedies otherwise available to the petitioner or applicant." (§ 1170.18, subds. (d) & (m).) With these provisions in mind, we turn our attention to the law respecting the allocation of custody credits.

The general rule, as reflected in section 2900.5, is that defendants are entitled to credit against their "term of imprisonment" for any time spent in custody prior to sentencing. (§ 2900.5, subd. (a).) And because the term of imprisonment includes parole (§ 2900.5, subd. (c)), presentence custody credit also applies against the parole portion of the defendant's sentence. (*In re Ballard* (1981) 115 Cal.App.3d 647; *In re Sosa* (1980) 102 Cal.App.3d 1002, 1005.) In fact, section 1170, subdivision (a)(3) is clear defendants are not required to serve time on parole if their "in-custody credits equal [their] total sentence, including both confinement time and the period of parole."

The drafters of Proposition 47 could easily have included language in the initiative to exempt persons resentenced under its terms from these well-established rules. But rather than do so, they specifically extended to defendants seeking resentencing relief all the rights and remedies to which they would otherwise be entitled. (§ 1170.18, subd. (m).) This includes the right to have presentence credits deducted from any parole period they are ordered to serve at the time of resentencing.

Respondent assails this conclusion on the basis defendants who were originally sentenced to long prison terms, and are thus in the greatest need of parole, will be in the best position to avoid postrelease supervision upon resentencing, due to their

6

accumulated custody credits. But that is a necessary consequence of our credits system, which recognizes presentence custody is a form of punishment. (*In re Watson* (1977) 19 Cal.3d 646, 651.) Indeed, basic fairness explains why, as set forth in section 2900.5, defendants are entitled to a reduction in their parole if their presentence confinement exceeds the length of their underlying sentence. (*In re Sosa, supra*, 102 Cal.App.3d at p. 1006.)

Appellant is not only entitled to have his parole term reduced in light of his excess custody credits, he is also entitled to have the amount of his eligible fines reduced as well. (§ 2900.5, subd. (a); *People v. Robinson* (2012) 209 Cal.App.4th 401, 406-407; *People v. McGarry* (2002) 96 Cal.App.4th 644, 646.) Therefore, the trial court erred in failing to apply appellant's excess custody credits at the time of resentencing.

## DISPOSITION

The trial court's resentencing order is affirmed except to the extent the court failed to consider appellant's excess custody credits in determining the length of his parole and the amount of his eligible fines. The matter is remanded with directions for the trial court to apply appellant's excess custody credits in this regard.


BEDSWORTH, J.

WE CONCUR:


O'LEARY, P. J.


ARONSON, J.

7