Filed 8/19/20  P. v. Sanchez CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL SANCHEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B295830<br>(Super. Ct. No. YA090758)<br>(Los Angeles County) |

Daniel Sanchez appeals an order denying his petition for presentence custody credits.  We dismiss the appeal.  (Pen. Code, § 1237.1.)[1]

This appeal concerns a single issue – whether Sanchez received the correct number of presentence custody credits.  Following his conviction of making terrorist threats, with a finding of personal weapon use, Sanchez received a suspended prison sentence and a grant of probation.  During the nearly three years following, Sanchez frequently violated the terms of his probation, including arrests and convictions for new crimes.

---

[1] All statutory references are to the Penal Code.

The trial court eventually revoked the grant of probation and ordered that the suspended prison term and accompanying fines and assessments be executed. Sanchez later filed a petition contesting the award of presentence custody credits. The court held a hearing attended by counsel who gave no explanation of Sanchez's request. Neither party argued the matter. The court denied the petition and this appeal ensued.

*FACTUAL AND PROCEDURAL HISTORY*

On June 24, 2015, the trial court found Sanchez guilty of making criminal threats, with a finding that he personally used a deadly or dangerous weapon (knife) during commission of the crime. (§§ 422, subd. (a), 12022, subd. (b)(1).) The court imposed a four-year prison term, consisting of an upper three-year term for the crime and a one-year term for the weapon use enhancement, and ordered payment of fines and assessments. The court then suspended execution of sentence and placed Sanchez on formal probation with terms and conditions for five years, including service of 690 days in county jail. The court then awarded Sanchez 690 days of presentence custody credits, consisting of 345 days of actual custody plus 345 days of conduct credits. (§§ 2900.5, subd. (a), 4019, subds. (b), (c).)

Sanchez appealed. We affirmed the judgment in an unpublished opinion after Sanchez's attorney found no arguable issues on appeal. (*People v. Sanchez* (Sept. 28, 2016, B265505)).).

On January 5, 2016, Sanchez was arrested in San Bernardino County for possession of an illegal weapon, among other things. He was convicted of a different related offense and, on June 9, 2016, sentenced to a 16-month prison term.

On February 3, 2017, the trial court in the present case found that Sanchez had violated his probation terms for suffering

2

the San Bernardino County arrest and conviction, and for failing to complete a residential drug treatment program.  The court offered to reinstate Sanchez's grant of probation if he agreed to waive the custody credits earned from January 5, 2016, to February 3, 2017 (454 days), regarding the San Bernardino County conviction and sentence.  Sanchez expressly agreed to the surrender of "395 days actual credit [plus 59 days conduct credit] for all purposes, meaning that if [the court sends him] to state prison, [he] will not get any credit for that time."

On September 21, 2017, Sanchez was arrested and incarcerated for committing another offense (vandalism).  Subsequently, the trial court revoked Sanchez's probation and, on December 14, 2017, held a probation violation hearing.  Sanchez admitted the violation.  The court reinstated probation with a requirement that Sanchez enroll in another drug treatment program.

When Sanchez failed to appear for a subsequent probation progress report hearing, the trial court set another probation violation hearing.  On March 20, 2018, the court terminated probation and ordered that Sanchez serve the previously imposed prison sentence and pay the fines and assessments.  Initially, the court awarded Sanchez 196 days of custody credits served in part on his new criminal offense.  The court later corrected this award to 264 days of custody credits for time served from September 21, 2017, through December 14, 2017, and January 1, 2018, through March 20, 2018.

On May 26, 2018, Sanchez filed a petition requesting 365 days of presentence actual custody and conduct credits, i.e., 295 days of actual custody credits and 90 days of conduct credits.  Elsewhere in the petition, Sanchez states that he was confined

for 365 days prior to conviction and sentencing. The petition did not provide other specifics or explanation regarding the requested credits, as Sanchez now concedes.

On June 27, 2019, the trial court held a hearing to consider Sanchez's petition. The court noted that Sanchez had waived all credits received from January 5, 2016, through February 3, 2017 (395 days). The court ordered the correction of the minute order and abstract of judgment, however, to reflect a corrected award of 264 days for time served (132 days actual custody plus 132 days conduct credits) in part for Sanchez's second criminal offense. Neither party presented argument at the hearing.

Sanchez appeals and contends that the trial court erred by denying his petition regarding additional presentence custody credits. He also asserts that any excess credits should apply against his parole period and payment of fines.

*DISCUSSION*

Sanchez now argues that the trial court erred by not awarding 345 actual custody days and 345 conduct credit days for the time served following his arrest and prior to his June 24, 2015, conviction in the present case. He asserts that these 690 days are excess custody credits that apply to reduce both his parole period and the fines imposed at sentencing. (§ 2900.5, subd. (a) [application of excess credits against fines]; *In re Ballard* (1981) 115 Cal.App.3d 647, 650 [section 2900.5 credits may apply against period of incarceration as well as parole period].)

Section 1237.1 provides: "No appeal shall be taken by the defendant from a judgment of conviction on the ground of an error in the calculation of presentence custody credits, unless the defendant first presents the claim in the trial court at the time of

4

sentencing, or if the error is not discovered until after sentencing, the defendant first makes a motion for correction of the record in the trial court, which may be made informally in writing." Thus, section 1237.1 serves to conserve appellate judicial resources by requiring claims concerning presentence custody credits first be made in the trial court. (*People v. Jordan* (2018) 21 Cal.App.5th 1136, 1142.) Dismissal of the appeal is required where a defendant does not make a motion to correct an award of presentence custody credits in the trial court. (*People v. Alexander* (2016) 6 Cal.App.5th 798, 801.)

Here the same trial judge presided over Sanchez's three-year case since its inception – through trial, sentencing, frequent probation violation hearings, and petition to modify presentence custody credits. The record reveals that the trial judge remained familiar with Sanchez's case, terms of probation, and efforts at rehabilitation. The petition to modify credits, however, requested an award of 295 actual days plus 90 conduct days without explanation of those numbers. At the hearing regarding the petition, counsel presented no argument or explanation. The reason for the 295 days plus conduct credits is not obvious from our examination of the record. The trial court is in the best position to determine Sanchez's request now for 690 days of credit and application, if any, to his parole period and fines.

The appeal is dismissed.

<u>NOT TO BE PUBLISHED.</u>


GILBERT, P. J.

We concur:


YEGAN, J.          PERREN, J.


5

Scott T. Millington, Judge

Superior Court County of Los Angeles

_____

Julie Caleca, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.