Filed 1/22/26  P. v. Dickerson CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D087148 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. FSB23002768) |
| JOHN T. DICKERSON, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Bernardino County, Gregory S. Tavill, Judge.  Affirmed in part, reversed in part and remanded with directions.

Denise M. Rudasill, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Charles C. Ragland, Assistant Attorney General, Melissa Mandel and Stephanie H. Chow, Deputy Attorneys General, for Plaintiff and Respondent.

MEMORANDUM OPINION[1]

A jury found John T. Dickerson guilty of perjury by declaration (Pen. Code,[2] § 118, subd. (a)) and of offering a false instrument (§ 115, subd. (a)). The court imposed an aggregate term of 16 months for the offense of offering a false instrument and stayed a two-year term for the perjury conviction under section 654.

On appeal, Dickerson contends insufficient evidence supported his perjury conviction and that the jury instructions omitted an essential element of the offense. The People concede the evidence was insufficient to sustain the perjury conviction.

Dickerson further argues his excess presentence custody credits must be applied to reduce his parole period, asserting that he is entitled to eight days of parole credit. The People agree any excess credits should be applied to reduce Dickerson's parole period but contend he has only one excess day available for that purpose.

We accept the People's concession and reverse the perjury conviction, which renders Dickerson's instructional claim moot, and remand for resentencing. As to custody credits claim, the record does not permit a determination of the precise number of excess custody credits. Because we are remanding for resentencing, we direct the trial court to calculate and determine the appropriate application of those credits.

---

[1] We resolve this case by memorandum opinion. (Cal. Stds. Jud. Admin., § 8.1.) We do not recite the factual and procedural background because our opinion is unpublished and the parties are familiar with the facts of the case and its procedural history. (*People v. Garcia* (2002) 97 Cal.App.4th 847, 851 [unpublished opinion merely reviewing correctness of trial court's decision "does not merit extensive factual or legal statement"].)

[2] Undesignated statutory references are to the Penal Code.

# I.

## *Perjury By Declaration*

The jury convicted Dickerson of violating section 118, subdivision (a), based on findings that he knowingly provided materially false information on sex offender registration documents while attesting the information was true. Although the record is clear that Dickerson was charged with and convicted of perjury under section 118, subdivision (a), he contends his conviction was instead for perjury by false affidavit under section 118a.[3] He bases this claim on the trial court's use of CALCRIM No. 2641, an instruction addressing perjury by false affidavit, which requires proof that the defendant gave an affidavit declaring or certifying before a competent officer or person, in connection with a case that had been or would be filed, that a material matter was true when the defendant knew it to be false. From this premise, Dickerson argues insufficient evidence supported his perjury conviction because the prosecution failed to establish that the false statements were made before a person authorized to administer oaths, as required by section 118a. Alternatively, he contends the statements were not made under penalty of perjury, as required by section 118, subdivision (a). He further asserts the version of CALCRIM No. 2641 given to the jury was erroneous because it substituted the word "declaration" for "affidavit."

---

[3] Section 118a provides: " Any person who, in any affidavit taken before any person authorized to administer oaths, swears, affirms, declares, deposes, or certifies that he will testify, declare, depose, or certify before any competent tribunal, officer, or person, in any case then pending or thereafter to be instituted, in any particular manner, or to any particular fact, and in such affidavit willfully and contrary to such oath states as true any material matter which he knows to be false, is guilty of perjury. In any prosecution under this section, the subsequent testimony of such person, in any action involving the matters in such affidavit contained, which is contrary to any of the matters in such affidavit contained, shall be prima facie evidence that the matters in such affidavit were false."

The People agree that Dickerson's perjury conviction must be reversed. They contend a conviction under section 118, subdivision (a), requires proof that the challenged statement was made under penalty of perjury, and that the sex offender registration form signed by Dickerson did not contain such a declaration. Because the statutory element was not established, they concede reversal is required. We agree.[4]

When a defendant challenges the sufficiency of the evidence, we review the entire record in the light most favorable to the judgment to determine whether it contains substantial evidence from which a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.) In conducting that review, we presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence. (*Ibid.*) Reversal for insufficient evidence is warranted only where it appears that, under no hypothesis whatsoever, is there sufficient evidence to support the verdict. (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

Section 118, subdivision (a), provides that a person commits perjury when he or she "certifies under penalty of perjury" and willfully states as true any material matter that he or she knows to be false. Proof that the false statement was made under penalty of perjury is therefore an essential element of the offense. (*People v. Tafoya* (2025) 109 Cal.App.5th 868, 902.)

Here, the Criminal Justice Information System (CJIS) Form 8102S signed by Dickerson states: "I certify the information provided is true and accurate. I understand failure to comply with the registration requirements, providing false information on the form, or failing to provide accurate

---

4 The People argue their concession that Dickerson's conviction requires reversal moots his instructional claim. We agree and do not address this argument.

4

information is punishable as a criminal offense." The form does not state that the certification is made under penalty of perjury. Because the prosecution failed to establish this essential statutory element, the evidence is insufficient to support Dickerson's conviction for perjury under section 118, subdivision (a). Accordingly, the conviction on count 17 must be reversed, and the matter remanded for resentencing.

II.

*Presentence Credits*

Section 2900.5 requires that all days a defendant spends in custody—including time in jail or a rehabilitation facility—be credited against the defendant's term of imprisonment, which expressly includes any period of parole prior to discharge. (§ 2900.5, subds. (a), (c); *In re Ballard* (1981) 115 Cal.App.3d 647, 650 ["section 2900.5 credits may be applied against either or both of the period of incarceration and the parole period"].) When imposing sentence, the trial court has an affirmative duty to determine the defendant's dates of admission to and release from custody prior to sentencing and to calculate the total number of days of credit to which the defendant is entitled. (§ 2900.5, subd. (d).) Those credits must be reflected in the abstract of judgment. (*Ibid.*)

Here, the trial court sentenced Dickerson to a 16-month prison term, followed by a three- to four-year parole period. On April 15, 2024, the court ordered Dickerson released with credit for time served and directed him to report to parole. At that time, the court calculated that Dickerson had accumulated 488 total custody credits and estimated that either 486 or 487 days were required to satisfy the 16-month prison term.

Dickerson argues he needed only 480 days of presentence custody credit to complete a 16-month sentence and therefore is entitled to have eight excess days credited toward a reduction of his parole period. He reasons that a

5

"month" of a prison sentence should be calculated as 30 days, such that 16 months equals 480 days. He further contends that even if the court improperly calculated the first year of the term as 365 days and added 120 days for the remaining four months, he would still have required only 485 days of custody credit, leaving him entitled to an additional three days of parole credit.

The People agree that any excess custody credits must be applied to reduce Dickerson's parole period but dispute his arithmetic. They assert the trial court effectively calculated one year as 365 days and one-third of a year as 121.66 days, yielding a total of 486.66 days, which rounds to 487 days for a 16-month sentence. Under that calculation, Dickerson's 488 days of presentence custody credit would leave one remaining day to be applied toward his parole term.

Both approaches are flawed. The Penal Code defines a "month" as a "calendar month." (§ 7, subd. (b)(13).) A calendar month is not a fixed number of days but rather "the space of time from any day of any such month to the corresponding day of the next," and may therefore vary in length. (Oxford English Dict. Online (2026) <https://www.oed.com/dictionary/calendar-month_n?tab=meaning_and_use#10487755100> as of Jan. 21, 2026, archived at <https://perma.cc/T3SR-4YUM>.) Consequently, a sentence expressed in months cannot be converted into a predetermined number of days by multiplying months by 30, nor by fractionalizing a year into parts. (See *In re Kemper* (1980) 112 Cal.App.3d 434, 439, fn. 2.)

Instead, the proper calculation depends on the defendant's actual dates of incarceration and release. (See *People v. Superior Court (J.C. Penney Corp., Inc.)* (2019) 34 Cal.App.5th 376, 414, fn. 23 [a three-month statutory period may range from 89 to 92 days depending on the specific dates involved].) Here, although the record reflects that Dickerson was released on April 15, 2024, it

6

does not disclose his precise date of incarceration.  Without that information, we cannot determine the exact number of days constituting his 16-month term.

Accordingly, this issue must be remanded for the trial court to calculate Dickerson's sentence based on his actual custodial dates and to apply any excess custody credits to reduce his parole period as required by section 2900.5.

III.

*Disposition*

The conviction for perjury by declaration (count 17) is reversed and the matter is remanded for further proceedings consistent with this opinion.  The judgment is affirmed in all other respects.


DO, Acting P. J.

WE CONCUR:



BUCHANAN, J.



RUBIN, J.

7