Filed 12/30/21  P. v. Foreman CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br>v.<br>CHARLES LEE FOREMAN, JR.,<br><br>    Defendant and Appellant. | A160663<br><br>(Solano County<br>Super. Ct. No.<br>FCR332590) |

A jury found defendant Charles Lee Foreman guilty of residential burglary while armed with a firearm, possession of a firearm by a felon, and unlawful possession of ammunition.  On appeal, he contends the trial court erred in failing to stay punishment on the unlawful possession conviction, in denying his *Romero*[1] motion, and in imposing a restitution fine without first determining his ability to pay.  In supplemental briefing he further contends the case should be remanded for resentencing under the provisions of Senate Bill 567, amending Penal Code section 1170, subdivision (b).[2]

---

[1]  *People v. Superior Court* (1996) 13 Cal.4th 497 (*Romero*).

[2]  All further statutory references are to the Penal Code unless otherwise indicated.

1

The Attorney General concedes the term imposed for the possession of ammunition conviction should have been stayed. He also concedes the amendments to section 1170, subdivision (b), likely will apply to defendant's as yet non-final conviction, but contends defendant's sentence does not transgress the provisions of this legislation.

We agree the term imposed for unlawful possession must be stayed and order the judgment modified. We also order modification of the judgment to include two court assessments, and otherwise affirm.

## DISCUSSION[3]

### *Penal Code Section 654*

Defendant's unlawful possession of ammunition conviction was based on the fact the handgun he possessed while committing the residential burglary—which was the basis for his felon in possession of a firearm conviction—had one bullet in the chamber and a loaded magazine with six rounds.[4] The trial court imposed a six-year term for the felon in possession of a firearm conviction (the upper term of three years (§ 29800, subd. (a)(1)), doubled (§ 667, subd. (e)(1)) and a concurrent six-year term for the unlawful possession of ammunition conviction (the upper term of three years, § 30305, subd. (a)(1), doubled § 667, subd. (e)(1)).

Defendant maintains that the sentence for the unlawful possession of ammunition conviction must be stayed under section 654. The Attorney General concedes the point, and his concession is well-taken.

Section 654 provides in relevant part that an act punishable in different ways by different provisions of the law "shall be punished under the

---

[3] We discuss the facts relevant to the issues on appeal in connection with our discussion of those issues.

[4] He did not brandish the weapon, but had it secreted on his person.

provision that provides for the longest potential term of imprisonment, but in no case shall the act be punished under more than one provision." (§ 654, subd. (a).) The statute "applies not only where there was but one act in the ordinary sense, but also where there was a course of conduct which violated more than one statute but nevertheless constituted an indivisible transaction." (*People v. Perez* (1979) 23 Cal.3d 545, 551.)

"While there may be instances when multiple punishment is lawful for possession of a firearm and ammunition, the instant case is not one of them. Where, as here, all of the ammunition is loaded into the firearm, and 'indivisible course of conduct' is present[], section 654 precludes multiple punishment." (*People v. Lopez* (2004) 119 Cal.App.4th 132, 138; accord, *People v. Sok* (2010) 181 Cal.App.4th 88, 100.)

### Denial of Romero Motion

Prior to sentencing, defendant filed a "*Romero* motion" asking the trial court to exercise its discretion under section 1385 to dismiss two prior strikes—January 2012 and January 2015 first degree burglary convictions—for sentencing purposes. Defendant was on parole when he committed the burglary related offenses in this case, in August 2017.[5]

Defendant emphasized that he struggled with alcohol and drug use, and he maintained his criminality was the direct result of an unstable upbringing, post-traumatic stress from being the victim of two separate shootings during which he had not engaged in any criminal conduct, and his inability to overcome his addictions.

---

[5] It is unclear for what offense defendant was on parole. The Attorney General asserts it was the January 2015 burglary. Defendant asserts it was for a Vehicle Code offense (whether this occurred at the time of the January 2015 is not disclosed in the record). The probation report simply lists being on parole at the time of the current offenses as an aggravating factor.

The prosecution opposed the motion, emphasizing defendant's extensive criminal history, his penchant for residential burglary, the fact he was on parole when he committed the current offenses, and the seriousness of his crimes.

The probation report listed a number of factors in aggravation, including that defendant had been "armed with or used a weapon at the time of the commission of the crime[s]," "engaged in violent conduct that indicate[d] a serious danger to society," had prior adult convictions or juvenile convictions that were "numerous or of increasing seriousness," and "was on parole" when he committed the offenses for which he was convicted in this case. The only mitigating factor identified was that defendant was "suffering from a mental or physical condition that significantly reduced his culpability for the crime."

The trial court declined defendant's invitation to strike the priors, explaining:

> "THE COURT: Okay. Well, as I noted earlier, I did review the file material from the parties, and I've considered what you've said. You know, I think it's tough in this situation because you don't ever want [to] think somebody's irredeemable. And I do take that to heart, [defense counsel].
>
> "But the DA pointed out, your client's had some opportunities to redeem himself over the last, I don't know what the DJJ or CYA commitment was, but since then to now. I think that was in the early 2000's. He's had chances after he suffered those burglary convictions. I think it was 2012 and 2015.
>
> "And, frankly, he just did a poor job of demonstrating with his conduct following those interactions with the criminal justice system to demonstrate that he's a person who can be reformed and someone who can rejoin society and not commit these types of crimes.
>
> "[The prosecutor] is correct in that the Romero discretion that I am given is one where I can take the steps that are extraordinary, if someone doesn't fall outside the spirits—or if someone falls outside the

4

spirit of the three-strikes law to strike a prior or two if I make that finding.

"But here, given that as [the prosecutor] points out, the third strike is for not only a serious felony, but also a violent felony because there was a person present. There was a gun present during this. He was armed. I think the evidence in the trial was the gun had a round in the chamber. So I agree with you that he did not ever display it. He did not ever look like he was trying to grab for or use it, but he had it.

"It does appear that his crimes are escalating in seriousness. He was armed. There was a person present. . . . And [the prosecutor] pointed out, and the evidence at the trial bore this out, that this will have lasting effects on the victim in this case.

"So I do find that he falls within the spirit of three-strikes law. I'm going to deny the defense motion to dismiss prior convictions under . . . *Romero* and [section] 1385 of the Penal Code."

The legal backdrop for *Romero* motions is established by the Three Strikes initiative and the parallel legislative enactment. In 1994, voters in California and the Legislature opted to " 'restrict courts' discretion in sentencing repeat offenders.' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*), quoting *Romero, supra*, 13 Cal.4th at p. 528.) The punishment prescribed by the Three Strikes sentencing scheme is to be "applied in every case where the defendant has at least one qualifying strike." (*People v. Strong* (2001) 87 Cal.App.4th 328, 337 (*Strong*).) But there is an exception for circumstances in which the court concludes the defendant falls outside the Three Strikes scheme " 'for articulable reasons which can withstand scrutiny for abuse.' " (*Id.* at p. 338.) Under section 1385, subdivision (a), "[t]he judge or magistrate may . . . of his or her own motion . . . , and in furtherance of justice, order an action to be dismissed." Our Supreme Court has held that, under this statute, " 'a trial court may strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony, on its own motion, "in furtherance

5

of justice" pursuant to . . . section 1385[, subdivision (a)].' " (*Carmony, supra,* 33 Cal.4th at p. 373.)

"[I]n ruling whether to strike or vacate a prior serious and/or violent felony conviction allegation or finding under the Three Strikes law, on its own motion, 'in furtherance of justice' pursuant to Penal Code section 1385, [subdivision (a)], or in reviewing such a ruling, the court in question must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams* (1998) 17 Cal.4th 148, 161.)

We review trial court rulings on *Romero* motions under section 1385 for abuse of discretion. (*Carmony, supra*, 33 Cal.4th at p. 376.) Under this deferential standard, the burden is on defendant " ' "to clearly show that the sentencing decision was irrational or arbitrary. [Citation.] In the absence of such a showing, the trial court is presumed to have acted to achieve legitimate sentencing objectives, and its discretionary determination to impose a particular sentence will not be set aside on review." ' " (*Id.* at pp. 376–377, quoting *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 977–978.) "It is not enough to show that reasonable people might disagree about whether to strike one or more" prior conviction allegations. (*People v. Myers* (1999) 69 Cal.App.4th 305, 310 (*Myers*).) The circumstances must be "extraordinary" for a career criminal to be "deemed to fall outside the spirit of the very scheme within which he squarely falls once he commits a strike as part of a long and continuous criminal record, the continuation of

6

which the law was meant to attack." (*Strong, supra*, 87 Cal.App.4th at p. 338.) But "the circumstances . . . must be even more extraordinary" for such a criminal to show "no reasonable people could disagree that [he] falls outside the spirit of the three strikes scheme. . . ." (*Carmony,* at p. 378.)

Here, the trial court acted within its discretion in denying defendant's motion. The court provided a thoughtful and reasoned explanation for its denial, and it considered proper factors in denying the motion. (See *In re Large* (2007) 41 Cal.4th 538, 552; *People v. Uecker* (2009) 172 Cal.App.4th 583, 599 [no abuse of discretion in refusing to dismiss strikes where the trial court relied on the defendant's criminal history].) To the extent the record is silent, we presume the trial court considered all the relevant factors unless the record affirmatively reflects otherwise. (*Myers, supra,* 69 Cal.App.4th at p. 310.) Nothing in the record here affirmatively suggests the court failed to consider some pertinent mitigating factor or denied defendant's motion upon some mistaken view of the pertinent facts.

While defendant disagrees with the court's refusal to grant his motion, for the most part he simply takes issue with the court's weighing of certain factors bearing upon the court's ultimate conclusion. This does not suffice to establish that the court's action was "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony, supra*, 33 Cal.4th at p. 377.)

Defendant's reliance on *People v. Bishop* (1997) 56 Cal.App.4th 1245 and *In re Saldana* (1997) 57 Cal.App.4th 620, is unavailing. In *Bishop*, the People appealed from the trial court's grant of a motion to strike. The Court of Appeal affirmed, concluding the court had not abused its discretion. (*Bishop,* at pp. 1247–1248, 1251.) Thus, in that case, the defendant received the benefit of the generous standard of review. And even though the

appellate court stated reasonable persons, including the appellate court, might disagree with the leniency extended by the trial court, the court acted within its discretion in sparing the 50-year-old defendant from Three Strikes treatment following his theft of six videocassettes from a local Thrifty Drug Store. (*Id*. at p. 1248.) *In re Saldana* is even farther afield. In that case, again on appeal by the People, the appellate court upheld the trial court's grant of a habeas petition and resentencing following our Supreme Court's decision in *Romero.* (*Saldana,* at pp. 624, 628.) The decision dealt only with the People's procedural arguments ("law of the case" and " 'second appeal' "). (*Id.* at pp. 624–628.) Moreover, the trial court in that case dismissed a 16-year-old burglary conviction where the defendant "had two children and was still married to the same wife, cared about his family, and was older and less likely to commit crimes now." (*Id.* at p. 624.) The circumstances here are not comparable.

### *Ability to Pay Determination*

The probation department recommended that defendant be required to pay a $10,000 restitution fund fine and a $10,000 parole revocation fine. At the sentencing hearing, defense counsel asked that the court "waive the fines. [Defendant is] obviously going to be incarcerated essentially for the rest of his life, and I don't think have [*sic*] the ability or means to . . . pay that fine or fee. [¶] . . . [¶] . . . I think the Court has discretion on how much to order the fine; or if the Court's not going to waive the fine, I'd order the standard $300 on a felony."

The court ordered defendant to pay a $1,000 restitution fund fine (§ 1202.4) and a $1,000 parole revocation fine (§ 1202.45) which was stayed.

Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157 (*Dueñas*), defendant maintains the court erred in imposing the restitution fine without

holding an ability pay hearing.  As we have observed, defendant did not ask for an ability to pay hearing.  Instead, he urged the court to waive or impose the minimum fine of $300.  The court granted very substantial relief, reducing the fine from the recommended $10,000 to $1,000.

On this record, defendant has forfeited his *Dueñas* challenge for the essentially same reason the Court of Appeal determined the defendants in *People v. Lowery* (2020) 43 Cal.App.5th 1046, 1053–1054 (*Lowery*) forfeited a *Dueñas* challenge to a restitution fine.

As *Lowery* explains, "[s]ection 1202.4, subdivision (b)(1), requires a court to impose a restitution fine in an amount not less than $300 and not more than $10,000 in every case where a person is convicted of a felony unless it finds compelling and extraordinary reasons not to do so.  Section 1202.4, subdivision (c), specifies a defendant's inability to pay is not a compelling and extraordinary reason to refuse to impose the fine, but inability to pay 'may be considered only in increasing the amount of the restitution fine in excess of the minimum fine [of $300].'  While the defendant bears the burden of demonstrating his or her inability to pay, a separate hearing for the restitution fine is not required.  (§ 1202.4, subd. (d).)  'Given that the defendant is in the best position to know whether he has the ability to pay, it is incumbent on him to object to the fine and demonstrate why it should not be imposed.'  (*People v. Frandsen* (2019) 33 Cal.App.5th 1126, 1154. . . .)"  (*Lowery, supra,* 43 Cal.App.5th at p. 1053.)

In *Lowery,* the defendants made no objection to the fees, fines and assessments imposed against them and also did not request a hearing regarding their ability to pay.  The court not only rejected the defendants' "new law" argument to avoid forfeiture, it also stated, defendants "had a statutory right, and were obligated, to object to the imposition of the

9

restitution fines above the $300 minimum. (§ 1202.4, subd. (c) [inability to pay may be considered when the restitution fine is increased above the minimum].) A factual determination was required regarding their alleged inability to pay. (See *People v. Frandsen, supra*, 33 Cal.App.5th at p. 1153. . . .)" (*Lowery, supra,* 43 Cal.App.5th at pp. 1053–1054.) Thus, objections would not have been futile under the governing law when the defendants were sentenced, and the appellate court stood "by the traditional rule that a party must raise an issue in the trial court if they would like appellate review." (*Id.* at p. 1054.)

Furthermore, defendant's sentencing took place in July 2020 well after *Dueñas* was decided in January 2019, and there was no reason he could not have asked for an ability to pay hearing. (*People v. Greeley* (2021) 70 Cal.App.5th 609, 624 [issue forfeited because "[a]t the time of defendant's sentencing hearing, *Dueñas* had already been decided, and there is no reason why defendant could not have requested an ability-to-pay hearing"].)

Nor would there be any merit to an ineffective assistance of counsel (IAC) claim based on failure to ask for an ability to pay hearing. Such claims are viable on appeal "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*People v. Mai* (2013) 57 Cal.4th 986, 1009.) Here, the record demonstrates a "rational tactical purpose" in how counsel handled sentencing—to directly ask the court to waive entirely or to impose only the minimum fine. We observe that that tactic also yielded substantial relief.

Defendant additionally asserts imposing the fine without an ability to pay hearing resulted in an "unauthorized" sentence, which can never be forfeited. He cites not a single case, however, holding that imposing a restitution fine exceeding the $300 minimum in the absence of a determination to pay hearing results in such a sentence and thereby renders the forfeiture rule inapplicable.

Finally, even if defendant had not forfeited any claim under *Dueñas,* and even assuming *Dueñas's* analysis is correct (an issue we need not address[6]), any failure to hold such a hearing was harmless. (See *Lowery*, *supra*, 43 Cal.App.5th at p. 1060 ["Nothing in this record suggests [defendants] might be unable to work, or that they might be ineligible for prison work assignments. As such, we can infer that they will have the opportunity to earn prison wages and they can start paying these financial obligations."]; *People v. Aviles*, *supra*, 39 Cal.App.5th at pp. 1076 ["We can infer defendant in this case has the ability to pay the fines and fees imposed upon him from probable future wages, including prison wages."]; *People v. Johnson* (2019) 35 Cal.App.5th 134, 139–140 [because defendant had "ample time to pay [fine] from a readily available source of income while incarcerated," any *Dueñas* error was "harmless beyond a reasonable doubt"].)

### *Court Funding Assessments*

The Attorney General asks that the judgment be modified to include a court funding assessment under section 1465.8, subdivision (a)(1) ($40 assessment "on every conviction") and a court facilities assessment under

---

[6] We note a number of courts have criticized the holding in *Dueñas* and the issue is on review. (E.g., *People v. Cota* (2020) 45 Cal.App.5th 786, 794–795; *People v. Hicks* (2019) 40 Cal.App.5th 320, 326–329, rev. granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1067–1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 923–929.)

Government Code section 70373, subdivision (a) ($30 assessment for "each . . . felony" conviction). These are mandatory assessments that must be imposed and which the appellate courts can order if the trial court fails to do so. (See *People v. Robinson* (2012) 209 Cal.App.4th 401, 405.)

In his reply brief, defendant "concedes that the trial court may impose non-punitive assessments."

For the reasons we have discussed, we need not weigh in on the merits of *Dueñas's* holding as to the need for a right to pay hearing before imposing these assessments. Rather, as we have explained, defendant has forfeited any claim under *Dueñas* that he was entitled to such a hearing and, in any event, failure to hold an ability to pay hearing was harmless.

### Senate Bill 567

"Senate bill No. 567 (2021-2022 Reg. Leg. Sess.) (SB 567). . . , amends section 1170 and 1170.1 to establish a sentencing procedure consistent with the decisions of the United States Supreme Court in *Apprendi v. New Jersey* (2000) 530 U.S. 466 (*Apprendi*), *Blakely v. Washington* (2004) 542 U.S. 296 (*Blakely*), and *Cunningham v. California* (2007) 549 U.S. 270 (*Cunningham*), when a trial court seeks to impose the upper term of custody." (Couzens, Selected Changes to California Sentencing Laws Effective 2022 (Barrister Press 2021) p. 6 (*Couzens*).)

As amended, section 1170, subdivision (b) provides in pertinent part:

"(1) When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the court shall, in its sound discretion, order imposition of a sentence not to exceed the middle term, except as otherwise provided in paragraph (2).

"(2) The court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to

12

by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial. Except where evidence supporting an aggravating circumstance is admissible to prove or defend against the charged offense or enhancement at trial, or it is otherwise authorized by law, upon request of a defendant, trial on the circumstances in aggravation alleged in the indictment or information shall be bifurcated from the trial of charges and enhancements. The jury shall not be informed of the bifurcated allegations until there has been a conviction of a felony offense.

"(3) Notwithstanding paragraphs (1) and (2), the court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury. This paragraph does not apply to enhancements imposed on prior convictions." (Sen. Bill No. 567 (2021-2022 Reg. Sess.) § 1.)

Thus, as relevant here, Senate Bill No. 567 (2021-2022 Reg. Sess.) makes the middle term the presumptive sentence for a term of imprisonment unless certain circumstances exist (see Stats. 2021, ch. 731, § 1.3, adding § 1170, subd. (b)(1), (2)) and limits a trial court's ability to impose an aggravated term of imprisonment absent the existence of specified circumstances. (§ 1170, subd. (b)(1)–(3), as amen. by Stats. 2021, ch. 731, § 1.3; *Couzens, supra,* Selected Changes to California Sentencing Laws Effective 2022, at pp. 10–15.)

Here, following verdicts finding defendant guilty of the charged crimes, and prior to sentencing, the jury went on to find true, beyond a reasonable doubt, allegations that defendant had served three prior prison terms (§ 667.5, subd. (b)) and suffered two prior strike convictions for first degree burglary (§§ 667, subds. (b)-(j), 1170.12) and two serious felony priors (§ 667, subd. (a)(1)).

In imposing upper terms for the felon in possession of a firearm and possession of ammunition convictions, the trial court expressly relied on appellant's criminal history. The court explained, "With regard to the

13

sentence, . . . I wanted to state a reason for the record as to why [the court imposed upper term sentences].  Primarily, the reason is [defendant's] criminal history. . . .  [Defendant] has an additional strike and then he has an other [*sic*] felony record.  So that's why I chose the high term primarily for those offenses."

Accordingly, on this record, the trial court's sentencing accords with the new provisions of the law.

## DISPOSITION

We order the judgment modified to (a) reflect a stayed six-year term for the possession of ammunition conviction (count 3), and (b) to include a court operations assessment (§ 1465.8) in the aggregate amount of $120 and a court facilities assessment (Gov. Code, § 70373) in the aggregate amount of $90.  In all other respects the judgment is AFFIRMED.

_____

Banke, J.

We concur:


_____

Humes, P.J.


_____

Sanchez, J.


A160663, People v. Foreman

15